IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MICAELA GUALDARRAMA, et. al.,

Plaintiffs

v.                                              CIVIL 97-2481 (SEC) (JA)

MARIA RIVERA ORTIZ, et al.,

Defendants

## OPINION AND ORDER

Plaintiffs Micaela Gualdarrama (hereinafter "Gualdarrama") and her daughter, Reina Roldán (hereinafter "Roldán"), filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming monetary damages, plus costs, interests and attorney's fees, as a result of the alleged violation of their rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. In addition, they seek relief under Article 1802 of the Puerto Rico Civil Code. Pending before the court is an unopposed motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) filed on November 18, 1999. (Docket No. 38.) On December 8, 1999, plaintiffs filed a motion requesting an extension of time to answer the aforementioned 12(c) motion. (Docket No. 41.) I granted that motion on December 13, 1999. (Docket No. 42.) Thereafter, defendants filed a motion for clarification of the December 13th order. (Docket No. 43.) I clarified the order by stating that the 12(c) motion would be treated by the court as a

12(c) motion and not converted into a summary judgment motion, meaning that no matters outside the pleadings would be considered when deciding such motion. (Docket No. 44.) Thereafter, the parties attended a conference in my chambers on January 31, 2000. At said conference I granted plaintiffs a 30 day extension to reply to the 12(c) motion, as evidenced by the report filed on February 14, 2000. (Docket No. 47.) To this date, plaintiffs have failed to reply to defendants' 12(c) motion.

**APPLICABLE STANDARD FOR JUDGMENT ON THE PLEADINGS**

Federal Rule of Civil Procedure 12(c) allows a party, "[a]fter the pleadings are closed but within such time as not to delay the trial, [t]o move for judgment on the pleadings." Given that "rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's well-pleaded factual averments as true . . . and draw all inferences in his favor." Rivera-Gómez v. Castro, 843 F.2d 631, 634 (1st Cir. 1988) (citations omitted); see also Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).

Motions under Federal Rule of Civil Procedure 12(c) ordinarily warrant the same treatment as 12(b)(6) motions, and thus "customarily evoke a generous standard of appraisal." Collier v. Chicopee, 158 F.3d 601, 602 (1st Cir. 1998), cert. denied, 199 S. Ct. 1262 (1999) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988) (emphasizing minimal nature of requirements imposed by Rule 12(b)(6)). Under Federal

Rule of Civil Procedure 12(c), judgment on the pleadings "may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." Feliciano v. Rhode Island, 160 F.3d at 788 (citing Santiago de Castro v. Morales-Medina, 943 F.2d 129, 130 (1st Cir. 1991)).

In light of this standard, the facts of this case, construed in the light most favorable to the nonmoving party, are set forth below.

## FACTUAL BACKGROUND

The events leading to the present action occurred on October 8, 1996. Plaintiffs Gualdarrama and Roldán allege that while they were leaving a relative's apartment at the "Jardines de Berwind" housing project, they were confronted by the Tactical Operations Unit of the Puerto Rico Police Department. The Unit was in the midst of a so called "takeover" or "invasion" of the housing project's parking lot area, and were thus frisking everyone present at the scene. (See Docket No. 1, Complaint, at ¶ 13.)

Gualdarrama and Roldán claim that as they exited the hallway, co-defendant Víctor Marrerro-Barrios (hereinafter "Marrerro") forcefully shoved Roldán against a wall with his baton. (Id. ¶ 14.) Plaintiffs further allege that when Roldán asked why she was being pushed, defendant María Rivera-Ortiz (hereinafter "Rivera") slammed Roldán against an iron gate. (Id.) Gualdarrama, Roldán's mother, allegedly told the police officers that Roldán was a minor and as a result was struck in the back by defendant Marrerro and

CIVIL 97-2481 (SEC) (JA)                              4

dropped to the floor. Both plaintiffs were then beaten by police officers Marrerro and Rivera. Roldán was then handcuffed and taken to a patrol car.

Plaintiff Gualdarrama proceeded to complain to the police officer in charge of the operation about the beating and subsequent arrest of her daughter. Gualdarrama asserts that said officer did not pay attention to her, "[s]howing the deliberate indifference to civil rights violations promoted by the Police Department policy of residential housing projects invasions." (Id. ¶ 15.) Instead, Gualdarrama was handcuffed and taken along with her daughter to Puerta de Tierra's Police Station were they were both kept in a cell for hours, despite their need for medical treatment. (Id. ¶ 16.) Plaintiffs claim that during this entire ordeal, while riding in the police patrol car, defendant Rivera "continued hitting and verbally abusing plaintiffs." (Id. ¶ 19.)

At about 11:00 p.m., plaintiffs Gualdarrama and Roldán were finally taken to a hospital, where it was determined that they had received trauma in multiple areas of the body, including their chest, arms, and legs. X-rays of the rib area were ordered in order to rule out possible fractures, and analgesics were prescribed. (Id. ¶ 17.)

Thereafter, Gualdarrama and Roldán were again handcuffed by defendants Rivera and Marrerro and taken before the District Attorney Elí J. López at the San Juan Investigations Center. No charges were filed against plaintiffs at that time. (Id. ¶ 18.)

CIVIL 97-2481 (SEC) (JA)           5

Subsequently, however, plaintiffs Roldán and Gualdarrama claim "[t]hat in order to justify their illegal conduct, defendants elaborated a false scheme, whereby they falsely alleged that . . . Gualdarrama had physically attacked officer Rivera, falsely defendants gave sworn statements, that led to the arrest, booking and prosecution of . . . Gualdarrama." (Id. ¶ 22.) On April, 1, 1997, after a non-jury trial, plaintiff Gualdarrama was found not guilty of said charges.

Plaintiffs Roldán and Gualdarrama are suing for deprivation of their constitutional rights stemming from their alleged beating and subsequent detention. Gualdarrama is also suing for malicious prosecution.

## DISCUSSION

### No Protected Rights Alleged Under the Fifth, Sixth, Eighth, and Fourteenth Amendments

In their 12(c) motion, defendants seek dismissal of plaintiffs' constitutional claims. Defendants argue that plaintiffs' claims should be dismissed because the complaint fails to identify with specificity which rights have allegedly been violated by defendants. I agree with the defendants' argument in so far as it relates to the Sixth and Eighth Amendment claims. Nowhere in the complaint is it evident that there is a cognizable claim under either of these two constitutional amendments. However, I disagree with defendants as to the viability of plaintiffs' claims under the Fifth and Fourteenth Amendments. I find that at

this early stage of the litigation, plaintiffs have pleaded enough facts to support a due process claim (i.e., to be free from police brutality) under the Fourteenth Amendment through which the Fifth Amendment constrains state action.

In view of the aforementioned, I find that plaintiffs' claims against all defendants under the Sixth and Eighth Amendments are without merit and should be **DISMISSED**. However, plaintiffs' other constitutional claims[1] against all defendants in their personal capacities pursuant to Count One and Two of the Complaint may proceed.

### Section 1983 Claim Against Defendants Toledo and García

In their 12(c) motion, defendants Pedro Toledo-Dávila (hereinafter "Toledo"), and Walbert García (hereinafter "García") allege that plaintiffs' 1983 civil rights claim against them should be dismissed for failure to state a claim upon which relief can be granted. Defendants argue that plaintiffs have failed to identify in the complaint which federally protected rights were violated by defendants Toledo and García. As mentioned in the previous section, this argument is without merit at this early stage in the litigation.

To state a claim under 42 U.S.C. § 1983, plaintiffs Gualdarrama and Roldán must make two showings: "the existence of a federal or statutory right; and a deprivation of that

---

[1] The plaintiffs have set forth enough facts to substantiate a claim under section 1983 for the alleged violation of their rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

right by a person acting under color of state law." Barrios-Velázquez v. Asociación de Empleados del Estado Libre Asociado de Puerto Rico, 84 F.3d 487, 491 (1st Cir. 1996) (citing Watterson v. Page, 987 F.2d 1, 7 (1st Cir. 1993)). In this circuit, a section 1983 claim must "at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983).

> The Supreme Court has emphasized that a section 1983 plaintiff must allege a violation of a clearly established right secured either by the Constitution or by some other federal law. . . . The right to be free from unreasonable seizure (and, by extension, unjustified arrest and detention) is clearly established in the jurisprudence of the Fourteenth Amendment (through which the Fourth Amendment constrains state action). The right to due process of law (and, by extension to be free from police brutality) is likewise clearly established under the Fourteenth Amendment (through which the Fifth Amendment constrains state action).

Camilo-Robles v. Hoyos, 151 F.3d 1, 6 (1st Cir. 1998) (citing County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5, 118 S. Ct. 1708, 1714 n.5 (1998)). Plaintiffs have set forth enough facts in their complaint to establish the possible violation of their existing federally protected rights.

In addition, Toledo and García argue that dismissal of the section 1983 claim is warranted for lack of a casual connection between the alleged constitutional violation and their role as supervisors. The First Circuit has emphasized that supervisors "may be found

liable only on the basis of [their] own acts or omissions." Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d 87, 91-92 (1st Cir. 1994) (citing Bowen v. Manchester, 966 F.2d 13, 20 (1st Cir. 1992)). In addition, "a supervisor's acts or omissions must amount to a reckless or callous indifference to the constitutional rights of others." Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d at 92 (citing Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989)). "An official displays such reckless or callous indifference when it would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights. . . . [In addition], there must be an 'affirmative link' between the supervisory official's acts or omissions and his subordinate's violation of the plaintiff's constitutional rights." Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d at 92 (citing Germany v. Vance, 868 F.2d 9, 18 (1st Cir. 1989); Gutiérrez-Rodríguez v. Cartagena, 882 F.2d at 562; Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988)).

Seeking refuge under the principles of "supervisory liability" law, Toledo and García assert that due to their lack of personal involvement in the alleged confrontation between plaintiffs and police officers Rivera and Marrerro, they cannot be held responsible for the officers' alleged conduct merely because of their role as supervisors. Defendants Toledo and García made this same argument in their 12(b)(6) motions (Dockets No. 9 and 10) which the court denied as to the particular issue of supervisory liability. (Docket No. 19.)

CIVIL 97-2481 (SEC) (JA)                            9

I agree with the previous decision of the court which stated: "Based on the foregoing, the Court believes that, viewing the facts presented in the pleadings and drawing all inferences in favor of plaintiffs, the complaint does state a claim colorable enough to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, to wit: that both defendants had the power, right, and duty to control the manner in which these police officers behaved, and that they established and fostered a policy of deliberate indifference to civil rights in the so-called 'invasions' of residential housing projects, which led to the violations of plaintiffs' civil rights." (Docket No. 18, page 6.) Therefore, defendants' 12(c) motion to dismiss plaintiffs' civil rights claim against defendants Toledo and García is **DENIED**.

### Malicious Prosecution

In their motion for judgment on the pleading, defendants seek dismissal of plaintiff Gualdarrama's claim for malicious prosecution. Defendants argue that there is no substantive due process right to be free from malicious prosecution. Defendants are correct in so far as the Supreme Court has stated "that a section 1983 claim alleging malicious prosecution cannot be predicated on substantive due process considerations." Félix-Santana v. Vélez, 890 F. Supp. 65, 66 (D.P.R. 1995) (citing Albright v. Oliver, 510 U.S. 266 (1994)). However, "state actors who pursue malicious prosecutions against others may

CIVIL 97-2481 (SEC) (JA)                              10

be held to have violated the Fourth Amendment, thereby risking the imposition of liability under 42 U.S.C. § 1983." Britton v. Maloney, 196 F.3d 24, 28 (1st Cir. 1999).

Plaintiff Gualdarrama fails to identify in the complaint which constitutional theory underlies her section 1983 malicious prosecution claim. Indeed, it is unclear from a reading of the complaint whether plaintiff intended to bring her malicious prosecution claim under section 1983 or as a supplemental claim couched on state law.[2] Moreover, plaintiff Gualdarrama has missed the opportunity to clarify for this court the basis for her malicious prosecution claim by failing to respond to defendants' 12(c) motion. Even under the liberal standard of review applied in 12(c) motions, I find that Gualdarrama has failed to state a viable claim for malicious prosecution. I thus **DISMISS** Count II of the complaint for failure to state a claim for which relief can be granted.

### Unnamed Defendants

Defendants are moving to dismiss plaintiffs' action against the unnamed defendants John Doe and Richard Doe, for failure to serve summons within the time required under Federal Rule of Civil Procedure 4(j). "[T]he evident purpose of Rule 4(j) [is] to compel parties and their counsel to be diligent in prosecuting causes of action." Carmona-Pacheco

---

[2] The fact that plaintiff makes mention of Article 1802 of the Civil Code of Puerto Rico (Puerto Rico's general tort statute) suggests that she might have intended to bring the malicious prosecution claim as a supplemental claim.

AO 72
(Rev 8/82)

CIVIL 97-2481 (SEC) (JA)                    11

v. Betancourt y Lebrón, 820 F. Supp. 45, 46 (D.P.R. 1993) (citing <u>United States v. Ayer</u>, 857 F.2d 881, 884 (1st Cir. 1988)). Even though the unnamed defendants are by definition unable to move for the dismissal of a case against them, the court has the power to dismiss *sua sponte*. Federal Rule of Civil Procedure "15(c)(3) allows the amendment of a pleading to name an unnamed party to relate back to the date of the original pleading, but only if it is 'within the period provided by Rule 4(j) for service of the summons and complaint.' The structure of Rule 15(c) makes clear that the federal rules contemplated the dismissal of an action against an unnamed party under Rule 4(j)." <u>Carmona-Pacheco v. Betancourt y Lebrón</u>, 820 F. Supp. at 46. In the instant case, the complaint was filed on October 7, 1997, much more than 120 days ago. Therefore, I hereby **DISMISS** the cause of action against fictitious defendants John Doe and Richard Doe **WITHOUT PREJUDICE**.

## CONCLUSION

Defendants' motion for judgment on the pleadings (Docket No. 38) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' claims under the Sixth and Eighth Amendments are **DISMISSED** for failure to state a cognizable claim upon which relief can be granted. The claims against the fictitious defendants John Doe and Richard Doe are **DISMISSED WITHOUT PREJUDICE**. However, plaintiffs section 1983 against

CIVIL 97-2481 (SEC) (JA)                12

defendants Toledo and García may proceed. Finally, plaintiff Gualdarrama's claim of malicious prosecution is **DISMISSED**.

In San Juan, Puerto Rico, this 20th day of April, 2000.

JUSTO ARENAS
United States Magistrate Judge