IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MICAELA GUALDARRAMA, et al.,

Plaintiffs

v.                                                              CIVIL 97-2481 (SEC) (JA)

MARIA RIVERA ORTIZ, et al.,

Defendants

## OPINION AND ORDER

On June 14, 2001, I denied defendant's "Motion for Protective Order for Deposition of Pedro Toledo" based on the court's rejection of defendant's qualified immunity defense. (Docket No. 100.) On August 7, 2001, defendants filed a "Motion for Reconsideration of Order Denying Protective Order and Supplement to the Motion for Summary Judgment Filed on March 27, 2001." (Docket No. 101.) The defendant's motion for reconsideration is denied, based again, on the court's rejection of defendant Toledo's qualified immunity defense.

## BACKGROUND

Plaintiffs brought 42 U.S.C. § 1983 claims against Commonwealth of Puerto Rico Police Superintendent Pedro Toledo Dávila, police sergeant Walberto García, and police officers María Rivera Ortiz and Víctor Marrero. On August 9, 1999, plaintiffs sent defendant police Superintendent Pedro Toledo Dávila a "Notice of Deposition Duces Tecum" to be deposed on August 25, 1999. On August 17, 1999, defendant Pedro Toledo Dávila filed an "Urgent Motion for Protective Order to Quash Notice of Deposition." In his motion, defendant argued that his high rank and busy schedule should afford him protection from embarrassment, annoyance, oppression, or undue burden or expense in accordance to Federal Rule Civil Procedure 26(c). (Docket No. 27.) Defendant further claimed that plaintiffs had not conducted discovery, interrogatories or taken other

CIVIL 97-2481 (SEC) (JA)                    2

depositions before seeking to depose him. The court granted defendant's motion but left open the possibility of reconsideration pending further discovery. (Docket No. 30.)

After more discovery had taken place, defendants Superintendent Pedro Toledo Dávila and sergeant Walberto García filed a motion for summary judgment on May 19, 2000. (Docket No. 52.) I granted defendant's motion and explained that if plaintiffs could bring forth evidence, which would establish a causal link between defendant's alleged indifference and the alleged constitutional violations, defendants would be unable to attach qualified immunity as a defense. (Docket No. 78 at 16.) Plaintiffs, however, did not establish this link, based on their inability

> to establish sufficient causation to determine that defendant Toledo's and García's conduct lead to these alleged violations or that such conduct lacked legal reasonableness. The plaintiffs have offered no admissible evidence, beyond their own conclusory allegations, to support their claims that these particular defendants acted deliberately, recklessly, or callously indifferent to plaintiffs' rights. Neither have the plaintiffs offered evidence that the defendants could have known or reasonably foreseen that police officers María Rivera Ortiz and Víctor Marrero Barrios would ever use excessive force, if indeed they did; that these officers should have been additionally and specially trained for this situation; or that their training as of that date was in fact deficient.

Docket No. 78, Opinion and Order at 21, ll. 11-21.

I granted summary judgment based on their failure to establish this causal link, not on qualified immunity grounds. On September 5, 2000, plaintiffs filed a "Motion to Alter or Amend Judgment," claiming that there were additional and relevant facts which plaintiffs had been unable to discover. Plaintiffs asked me to deny summary judgment and allow additional discovery. (Docket No. 82.) I granted the motion. On March 16, 2001, plaintiffs sent Mr. Toledo a Notice of Deposition "Duces Tecum" and set it for April 6, 2001. On March 27, 2001, defendants filed a "Motion Requesting Protective Order for Pedro Toledo" (Docket No. 90) and a "Motion for Summary Judgment and Memorandum

CIVIL 97-2481 (SEC) (JA)                3

of Law in Support Thereof." (Docket No. 91.) Plaintiffs filed a "Reply to Motion for Protective Order for Pedro Toledo" on April 4, 2001. (Docket No. 93.) On June 14, 2001, I denied defendant's "Motion for Protective Order for Deposition of Pedro Toledo" based on the rejection of defendant's qualified immunity defense. (Docket No. 100.) On August 7, 2001, defendants filed a "Motion for Reconsideration of Order Denying Protective Order and Supplement to the Motion for Summary Judgment Filed on March 27, 2001." That motion is the subject of this order.

## DISCUSSION

Defendant contends that I in part based my denial of the motion for protective order on an allegation not raised by plaintiffs in their initial complaint, the allegation being that Superintendent Toledo failed to adequately train officers to deal with highly stressful situations. Defendants argue that because plaintiffs did not raise the training issue in their complaint, they in turn did not address officer training in their motions for protective order or summary judgment. Defendants also state that plaintiffs have failed to produce evidence which would show that Puerto Rico police officers are inadequately trained, Mr. Toledo's knowledge of this alleged deficiency, or that the officers were indifferent to plaintiff's rights. (Docket No. 101.) Defendants also repeat their previous claims in their motion for summary judgment. I address those issues.

1. PROTECTIVE ORDER

Defendant Pedro Toledo Dávila requests protection from deposition based on qualified immunity. Federal Rule of Civil Procedure 26(c), states that upon a proper motion, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The court previously used this same analysis to grant defendant's initial motion to quash discovery when defendant held the post of Superintendent of Police. The court, however, did not

CIVIL 97-2481 (SEC) (JA)                    4

grant defendant's motion without condition. The court ruled that "[w]hile defendant is clearly not immune to deposition, the Court finds that plaintiffs should turn to other, less disruptive discovery tools at their disposal .... Once those options have been exhausted, we shall reconsider plaintiffs' request and order that Mr. Toledo appear for a deposition." (Docket No. 30 at 2, ¶ 1.) Since the time of that ruling, defendant no longer holds pubic office and the only discovery pending is Pedro Toledo Dávila's deposition and any documents he might have relating to the "invasions." Defendant's motion is reconsidered with these new circumstances in mind.

2. QUALIFIED IMMUNITY

The issue of officer training was one of other issues relied upon in the complaint and which fell under the more general supervisory responsibilities with which defendant is charged. (Docket No. 100, Order at 4-5.) I also relied on the issues of supervision, promulgation of orders, rules, policies, instruction and regulation in analyzing "deliberate indifference." Derogation of any of the aforementioned duties could presumably lead to incorrect actions by his officers. Id. at 5. Furthermore, plaintiffs have sufficiently raised the issue of officer training in their complaint. Plaintiffs claimed that the officers in charge (by definition including Superintendent of Police) "demonstrated deliberate indifference before the repeated civil rights violations occurring in their face." (Docket No. 1, Complaint at 2, ¶ 3.)

The first part of defendant's current motion is aimed at protecting Pedro Toledo from deposition based on qualified immunity. In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the Court explained that the threshold question needing resolution before discovery, was "whether that law was clearly established at the time an action occurred." Id. at 818. If plaintiffs could not satisfy this question, then the defendant public official is entitled to summary judgment. Id. The Supreme Court further explained that the

CIVIL 97-2481 (SEC) (JA)                    5

defendant could nevertheless sustain the defense of qualified immunity if he could "prove that he neither knew nor should have known of the relevant legal standard ... [b]ut again, the defense would turn primarily on objective factors." Harlow v. Fitzgerald, 457 U.S. at 819. I rely on my explanation of both the "clearly established" right, and "objective legal reasonableness" prongs from the order of June 14, 2001. See Docket No. 100 at 3-5. I concluded that section by saying that:

> Under such specific circumstances, former superintendent Toledo knew or should have known that his failure to assign properly trained police officers for the intervention *and to take other relevant appropriate and available measures, and thus his derogation of his official duties*, could foreseeably result in violations of the constitutional and civil rights of the housing project population.

Docket No. 100, Order at 5 (my emphasis).

Defendant's failure to assign properly trained officers is one in a series of possible derelictions of duties which fall under his supervisory responsibilities as police superintendent. These include his failure to ensure police supervisors are mindful of citizens' complaints, ensuring innocent residents were not accosted by his officers, and that "stop and frisk" were conducted free of excessive force.

The Supreme Court established that this "objective legal reasonableness" prong, if successfully argued by the defense, "should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." Harlow v. Fitzgerald, 457 U.S. at 818. The Supreme Court does not suggest that this ruling should be read out of the context of the rules of discovery. Cf. Crawford-El v. Britton, 523 U.S. 574, 593 n.14 (1998); Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

The Supreme Court has had the opportunity to refine their holding in Harlow to address the issue of discovery. More recent decisions regarding the issue of qualified immunity have relied on Crawford-El v. Britton. In Prisma Zona Exploratoria de Puerto

CIVIL 97-2481 (SEC) (JA)                    6

Rico, Inc. v. Calderón, 154 F. Supp. 2d 245 (D.P.R. 2001), the court refused to grant a request for protective order to prevent the deposition of Puerto Rico Governor Sila M. Calderón.

> In Crawford-El v. Britton, 523 U.S. 574, 593 n. 14, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998), the Court stated that:
>
>> Discovery involving public officials is indeed one of the evils that Harlow aimed to address, but neither that opinion nor subsequent decisions create an immunity from all discovery. Harlow sought to protect officials from the costs of "broad-reaching" discovery, 457 U.S., at 818, 102 S.Ct., at 2738, and we have since recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.
>
> Crawford-El v. Britton, 523 U.S. at 593 n. 14, 118 S.Ct. 1584 citing Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) and Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). In Anderson, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), the Court explained that:
>
>> ... discovery may be necessary before Anderson's motion for summary judgment on qualified immunity grounds can be resolved. Of course, any such discovery should be tailored specifically to the question of Anderson's qualified immunity.
>
> Anderson, 483 U.S. 635 at n. 6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Prisma Zona Exploratoria de Puerto Rico, Inc. v. Calderón, 154 F. Supp. 2d at 246.

Defendant's deposition could show the extent of his knowledge of civil rights violations by subordinate officers. Therefore, the deposition of defendant Pedro Toledo is relevant to establishing "objective legal reasonableness."

Plaintiff's request that defendant Pedro Toledo Dávila submit to deposition and to bring forth all documents pertaining to the government's policy of Police Public Housing Interventions or Invasions and Drug Intervention and/or Operatives since its inception in

CIVIL 97-2481 (SEC) (JA)                              7

1993 to this date. (Docket No. 90, Exhibit A.) This request is tailored enough to the unresolved factual disputes on record regarding causation and "objective legal reasonableness."

Defendant's knowledge of incidents of civil rights violations during previous drug interventions in housing projects or "invasions" is relevant to establish his legal reasonableness at the time of the alleged civil rights violations. Accordingly, plaintiffs are entitled to take Pedro Toledo Dávila's deposition and the defense of qualified immunity is not now available to former Superintendent Pedro Toledo Dávila. The motion is denied and he is ordered to submit to deposition.

In San Juan, Puerto Rico this 22nd day of October, 2001.

JUSTO ARENAS
United States Magistrate Judge