IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MICAELA GUALDARAMA, et al.,

Plaintiffs

v.                                                              CIVIL 97-2481 (SEC) (JA)

MARÍA RIVERA, et al.,

Defendants

## OPINION AND ORDER

This matter is before this court on motion to amend or alter the opinion and order of December 27, 2001, pursuant to Federal Rule of Civil Procedure 60(b)(6) and to clarify the same, filed by defendants on December 27, 2001. (Docket No. 119.) The motion asks this court to dismiss the case as to defendants María Rivera and Víctor Marrero in its entirety. In the alternative, defendants asks this court to dismiss the claim of false arrest, leaving only the claim of excessive force for trial. (Docket No. 119.) Plaintiffs have not opposed defendants' motion as of this date.

It has been clearly established for a very long time that the Fourth Amendment requires that arrests be based on probable cause. Abreu-Guzmán v. Ford, 241 F.3d 69, 73 (1st Cir. 2001); see, e.g., Beck v. Ohio, 379 U.S. 89, 91 (1964). "Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it--whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U.S. at 91; see also Henry v. United States, 361 U.S. 98, 102 (1959); Brinegar v. United States, 338 U.S. 160, 175-76, rehearing denied, 338 U.S. 839 (1949); see United States v. Cleveland, 106 F.3d 1056, 1060 (1st Cir.), cert. granted, 522 U.S. 1023 (1997), aff'd, 524 U.S. 125 (1998); United

CIVIL 97-2481 (SEC) (JA)                    2

States v. Torres Maldonado, 14 F.3d 95, 105 (1st Cir. 1994). Title 34, Rule 11 of the Puerto Rico Laws Annotated, states in its relevant part that "a peace officer may arrest a defendant without the corresponding warrant: (a) when he has reasonable grounds to believe that the person about to be arrested has committed the offense in his presence...." 34 P.R. Laws Ann., App. II, R. 11. The doctrine of qualified immunity provides that "government officials performing discretionary functions ... are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Vargas-Badillo v. Díaz-Torres, 114 F.3d 3, 5 (1st Cir. 1997) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Burns v. Loranger, 907 F.2d 233, 235 (1st Cir. 1990); see also Miller v. Kennebec County, 219 F.3d 8, 11 (1st Cir. 2000); Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d 87, 91 (1st Cir. 1994). "On a motion for summary judgment, 'the relevant question is whether a reasonable official could have believed his actions were lawful in light of clearly established law and the information the official possessed at the time of his allegedly unlawful conduct.'" Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d at 91 (quoting McBride v. Taylor, 924 F.2d 386, 389 (1st Cir. 1991); see Anderson v. Creighton, 483 U.S. 635, 639 (1987).

Defendant Rivera's statement of uncontested facts states that after she advised plaintiffs to stay away from trouble, she approached the plaintiffs and was later attacked by both of them. (Exhibit F, Sworn Statement of defendant Rivera.) Defendant Rivera then placed both plaintiffs under arrest for the offense of assaulting an officer. (Exhibit A, Sworn Statement of officer Gómez; Exhibit F, Sworn Statement of defendant Rivera.) As a result, defendant Rivera had reasonable grounds or probable cause to believe that plaintiffs Gualdarrama and Roldán had committed an offense in her presence. Plaintiffs have not complied with Local Rule 311.12 as to the claim of false arrest. Noncompliance

CIVIL 97-2481 (SEC) (JA)                3

with such a rule, as manifested by a failure to present a statement of disputed facts as to this issue, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted, and ruling accordingly. Ruiz-Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000); Pagán de Jesús v. Toledo Dávila, 184 F.R.D. 24, 25 (D.P.R. 1999). Rule 60(b)(6), Federal Rules of Civil Procedure, enables this court to relieve any party from final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Therefore, plaintiffs' arrests were valid. Therefore María Rivera and Víctor Marrero are entitled to qualified immunity as to the arrest they carried out.

In view of the above, the false arrest claims against defendants María Rivera and Víctor Marrero are dismissed. The claim of excessive force as to María Rivera and Víctor Marrero remain for trial.

In San Juan, Puerto Rico this 16th day of January, 2002.

JUSTO ARENAS
United States Magistrate Judge