IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MICAELA GUALDARRAMA, et al.

    Plaintiffs

v.                             **Civil No. 97-2481(JA)**

MARIA RIVERA ORTIZ, et al.

    Defendant

**JUDGMENT**

On February 6, 2002 Defendants in the above-captioned action informed the Court that Co-defendant Victor Marrero had filed a bankruptcy petition **(Docket #126)**. As a result of this, the Court ordered the immediate stay of all proceedings pursuant to the automatic stay provisions of 11 U.S.C. § 362 **(Dockets ## 128, 132)**. As noted by the United States Supreme Court, "[c]ourts are vested with an inherent power to control and manage their own affairs so as to achieve early and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31(1962). Moreover, the First Circuit has noted that "in a period of overloaded dockets, prejudice to the court is inherent in needless delays and postponements." Chuang Investments v. Eagle Inns, Inc., 81 F.3d 13 (1st Cir. 1996).

In view of the pending bankruptcy action and the uncertainty and length of said proceedings, the above captioned complaint is hereby **DISMISSED WITHOUT PREJUDICE**. This dismissal will not affect in any manner Plaintiff's pending claims against Defendant. Upon the conclusion of the bankruptcy proceedings, or the lifting of the stay, Plaintiff may file a petition to reinstate the proceedings in this case. Plaintiff's petition for reinstatement shall not be deemed as a new filing. Colon Prieto v. Geigel, 111 D.P.R. 232 (1984). Rather, their petition will be effective *nunc pro tunc* to the date of the original filing. Judgment is hereby entered accordingly.

    SO ORDERED.

    In San Juan, Puerto Rico, this ___ day of February, 2004.

    JUSTO ARENAS
    United States Magistrate Judge