IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MICAELA GUALDARRAMA et. als.<br><br>  Plaintiffs,<br><br>  v.<br><br>MARÍA RIVERA, VÍCTOR MARRERO et als.,<br><br>  Defendants. | CIVIL  NO.: 97-2481 (SEC) |

**DEFENDANTS' MOTION IN LIMINE**

TO THE HONORABLE COURT:

Now Come the defendants, María Rivera and Víctor Marrero, represented by the undersigned counsel, and respectfully states, and prays:

**I.   Introduction**

The jury trial in this case is scheduled to commence on May 1st, 2006. On September 18, 2001 the parties filed a Proposed Joint Pretrial Order (Docket # 106), which was approval by this Honorable Court (Docket # 107).  In the Proposed Joint Pretrial Order, the defendants objected to some of the witnesses and documents plaintiffs pretend to submit in evidence during the trial of the present case.  Based on the grounds discussed herein, the defendants request the exclusion of certain documents, witnesses, video and subjects.

Plaintiffs handed to the appearing counsel on March 31, 2006 at the pre-trial hearing a draft of a new proposed pre-trial Memorandum, however as of today Plaintiffs has failed to submitted.   In that proposed pretrial memorandum Plaintiffs announced the use of expert

Witness Dr. Rojas. As of today Plaintiff has not submitted this new Proposed Pretrial Memorandum because some changes were in order.

**II.     Facts Relevant and Material for the Consideration of this Motion**

1.      The original complaint in this case was filed on October 7, 1997 (Docket #1). Micaela Gualdarrama, Víctor Roldán and Reina Roldán brought a claim pursuant to 42 U.S.C.A. § 1983 under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments of the United States Constitution filed against Pedro Toledo, Walbert García, Víctor Marrero and María Rivera. Plaintiffs allege in their Complaint that their civil rights were violated due to excessive use of force, false arrest, and supervisory liability. They also invoke the supplemental jurisdiction of this Court and request redress in damages under Article 1802 of Civil Code of Puerto Rico.

2.      On March 31, 1999, through a Partial Judgment the Court dismissed the official capacity claim because it was barred by the Eleventh Amendment. The claims of Víctor Roldán under § 1983 were also dismissed for lack of standing. (Dockets # 18 & 19)

3.      Defendants filed a Motion for Summary Judgement and Memorandum of Law in Support thereof. (Docket # 52). As a result the Court the Court issued an Opinion and Order on August 24, 2000 (Docket # 78) in which it dismissed the claims against Walbert García and Pedro Toledo. Said Judgment and Opinion and Order was later vacated by the Court because discovery has not concluded.

4.      On March 27 2001, Defendants filed a Motion for Summary Judgment and Memorandum of Lay in Support Thereof. (Docket # 91) Finally on December 13, 2001 the

Court issued an Opinion and Order (Docket # 115) in which it reinstate Opinion and Order on August 24, 2000 (Docket # 78) and dismissed plaintiffs' supervisory liability claim.

5. After various motions the Court issued another Opinion and Order on January 16, 2002 in which it dismissed the claims of false arrest as to María Rivera and Víctor Marrero (Docket #121).

6. Plaintiffs announce for the first time Dr. Rojas as an expert witness on March 31, 2006 without complying with Rule 26 of the Civil Procedures.

**III.  All Testimony and Reference to Plaintiff's Criminal Case Shall Be Excluded.**

The present case is a police excessive force claim filed under 42 U.S.C. 1983 and not a case of false arrest or any other similar act, as it was dismissed by this Court's Opinions and Orders dated December 13, 2001 and January 16, 2001.

In the Joint Proposed Pre Trial Order plaintiffs announced a series of documents and witnesses related to plaintiff's criminal case, <u>Commonwealth of Puerto Rico v. Micaela Gualdarrama Santiago</u>, Case No. K AP-96G-0041, before Honorable Judge Crisanta González.  For the reasons stated herein we request that all testimony, documents and reference to the criminal case be excluded because it is irrelevant to the controversy at hand: excessive use of force.

Even if plaintiffs argue that their claim for damages under Article 1802 of the Puerto Rico Civil Code is pending, we understand that these "evidence" related to the criminal case against Micaela Gualdarrama it is not relevant.  In the Opinion and Order of January 16, 2002, the Court concluded that plaintiffs' arrest were valid and that Mrs. María Rivera and Mr. Víctor Marrero, defendants in this case, were entitled to qualified immunity.  Therefore

Plaintiffs are not entitled to damages under Article 1802 of the Civil Court of Puerto Rico against defendants.

Pursuant to FRE 403 "<u>relevant</u> evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury..."(underscore provided). If relevant evidence could be excluded under these grounds, <u>irrelevant evidence</u> (like plaintiff's criminal case outcome) could and shall be excluded as well. **As a result, defendants request an order directed to the plaintiff, her legal representation and witnesses to refrain them from mentioning or making reference to plaintiff's criminal case and outcome during the trial, including opening statement and closing arguments.**

**IV.    All Testimony and Reference to Defendant's María Rivera's Case as to an incident during the San Sebastian Festivities Shall Be Excluded.**

The incident regarding the San Sebastian festivities occurred on January 18, 1997 when two young ladies, Mayna Nevárez Barceló and Suzette Lee Rodríguez Lumbano were arrested during the festivities. María Rivera was one of the policewomen involved in the arrest. The two young ladies filed a Complaint before the First Instance Court of Puerto Rico, San Juan, case No. K DP-1998-0051 (503) for alleged violation of their constitutional rights. After trial the Honorable Court, Judge María del Carmen Gómez Cordova, determined that:

> None of the policewomen that intervened with Mayna hit her, not with the fist, not with the nightstick, no kicking as declared by co-plaintiff.    Page 5 of the Judgment, our translation.

And continued stating:

4

> The video does not show any policewomen hitting with or without the nightstick to any person. Page 6 of the Judgment, our translation.

And finally on page 14 of the Judgment the Court concludes:

> It follows, that the damages sustained by co-defendants in the instant case were the direct result of their own reprehensible conduct before those that have the difficult and risky mission of maintaining the security and enforcing the law in our society
>
> The intervention of the law enforcement agents in this case was completely justify in view of co-defendants actions and in light of the totality of the circumstances.

Enclosed find copy of said Judgment of July 12, 2000, which is final. We request this Court to take judicial notice.

Plaintiffs has failed to disclosed the purpose of said evidence. Defendants respectfully move this Honorable Court to exclude any reference, including video, documents and testimony regarding the incident during San Sebastian Festivities pursuant to Rule 402.

In the event that this Honorable Court understands that these documents are somehow relevant for plaintiffs case, under the Federal Rule of Evidence 403 it should be excluded. The rule states:

> Although relevant, evidence may exclude if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue, waste of time, or needless presentation of cumulative evidence.

The case law recognizes that certain circumstances call for the exclusion of evidence which is of unquestioned relevance. Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result form its admission.

Under Rule 403, courts determine whether, as a matter of law, the probative value of otherwise relevant and admissible evidence is substantially outweighed by unfair prejudice. Swajian v. General Motors Corp., 916 F.2d 31, 34 (1st Cir. 1990). A court may only exercise discretion to exclude evidence if the probative value is "substantially outweighed by unfair prejudice." Id. And a district court's discretion in the Rule 403 balancing inquiry is broad. United States v. Scott, 270 F.3d 30, 51 (1st Cir. 2001).

Unfair prejudice," within the context of Rule 403, means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Jamil, 707 F.2d 638, 644 (2nd Cir. 1983); United States v. Munoz-Franco, 203 F. Supp. 2d 102; 2002.

It is well established that "if the evidence brings unwanted baggage, say, unfair prejudice or a cognizable risk of confusing the jury, (which becomes patent in view of the expected admissibility issue of the neurologist's testimony) and if the baggage's weight substantially overbalances any probative value, then the evidence must be excluded." United States v. Rodríguez-Estrada, 877 F.2d 153, 155 (1st Cir. 1989).

**IV.    Documents to Be Excluded**

Defendants request the exclusion of the following documents:

1.    <u>Medical Psychiatric Certificate, Curriculum Vitae of Erika Rivera Castro, M.D.</u>

6

The defendants object since Dra. Erica Rivera Castro is not an expert witness and the plaintiffs have not complied with Rule 26(a) of the Federal Rules of Civil Procedure.

2. <u>Criminal Records of Proceedings against Plaintiff instigated by defendants. Including: Sworn statements, Accusation, transcript of hearing, and sentence.</u>

Defendants object to the introduction of this evidence for several reasons. First of all, the evidence is not described sufficiently for ready identification. Second, the criminal trial against Plaintiffs is irrelevant to the issues in the present civil case, the claim for false arrest or maliciuous prosecution was dismissed. The sentence or judgment of not guilty in the criminal trial against Plaintiffs has no bearing in this case. Third, and in addition to lacking probative value, the admission of evidence of Plaintiffs' acquittal is likely confuse the jury. See discussion under section III.

3. <u>Newspaper clipping of El Nuevo Día April 2, 1997, "Liberada ante la poca credibilidad de dos policias." (Freed due to the low credibility of two police officers)</u>

Defendants object on the grounds that this newspaper clipping is hearseay, irrelevant to this case because it is used to try to prove that the policewomen were lying. Furthermore, the article is inflammatory and prejudiced. The members of the jury in this case should be allowed to make up their own mind as to Defendants' credibility.

4. <u>Newspaper clipping of El Nuevo Dia January 18,2000: "Se extinguen los operativos." (The operatives are extinguished.)</u>

Defendants object on the grounds that this is irrelevant to this case because it does not prove any of plaintiffs' claims and may confuse the jury.

7

    5.    <u>Sixteen Photographs of plaintiffs lesions</u> <u>and Large photographs of Jardines de Belwind, area of incident</u>

Defendants object to introducing all 16 photos because the photos are repetitive and, thus, their introduction would be a waste of time. Most importantly, Defendants object to introducing the photographs because no witness has been identified to authenticate the photos.

    6.    <u>Arrest sheet of Micaela Gualdarrama prepared by Sgt. Walberto Garcia on Oct. 16, 1996.</u>

Defendants object on the grounds that the arrest sheet is irrelevant. Sgt. Garcia did not physically arrest Plaintiffs. He, however, did fill out the arrest sheet. The criminal trial against Plaintiffs is irrelevant to the issues in the present civil case, the claim for false arrest or maliciuous prosecution was dismissed. Also if admitted the unfair prejudice and the risk of confusing the Jury should be enough to exclude.

    7.    <u>List of communities intervened by police department from 1993- 1999</u>

Defendants object on the grounds that this is irrelevant to the issues in the instant case. It does not help prove any of Plaintiffs' claims in this case.

    8.    <u>Administrative Investigation of complaint 970003285 - San Sebastian Incident.</u>

Defendants object on the grounds that this is irrelevant to the issues in the instant case. This administrative investigation deals with another case that occurred in 1997. At any rate, the administrative investigation was dismissed. It has no probative value for the claims brought by plaintiffs in this case and may be prejudicial. See discussion in section IV.

9. <u>Newspaper clipping of El Vocero of March 19, 1997 "Contradicciones caso calle San Sebastian"and Newspaper clipping of San Juan Star March 1997; "Attorney turns to video to prove police abused woman at festival."; and Newspaper clipping of El Vocero March 20, 1997: "Demandaran por violation de derechos."</u>

Defendants object on the grounds that this newspaper article is hearsay, irrelevant to the issues in the instant case because it proves none of Plaintiffs claims, is inflammatory and prejudicial, and may confuse the jury. The San Sebastian case is a different case from the instant case with a different set of facts. See also discussion in section IV.

10. <u>Video tape of the San Sebastián incident.</u>

As to the video, plaintiffs have not articulated a clear rationale for the presentation of the same and what they intend to prove with its presentation. Defendants respectfully move this Honorable Court to exclude the video as an exhibit pursuant to Rule 403 of the Federal Rules of Evidence. Defendants also object on the grounds that it is not authenticated, is hearsay, it is irrelevant to the issues in the instant case because it proves none of Plaintiffs claims, is inflammatory and prejudicial, and may confuse the jury. The San Sebastian case is a different case from the instant case with a different set of facts. See also discussion in section IV. Besides it is irrelevant and this "evidence" was not properly disclose as required by FRCP 26(a)(3)(C).

11. <u>San Juan Police Tactical Operations Basic Training Program.</u>

Defendants object on the grounds that this is irrelevant and may confuse the jury. The supervisory liability claims were dismissed and this is not a case against the Commonwealth of Puerto Rico.

    12.    <u>Certificate of Completion of the Basic Training Program of the Tactical Operations Division for Maria Rivera, September 6, 1996.</u>

Defendants object on the grounds that this is irrelevant and may confuse the jury. The supervisory liability claims were dismissed and this is not a case against the Commonwealth of Puerto Rico.

    13.    <u>Police General Orders 73-4, 95-2, and 93-1</u>

Defendants object on the grounds that this is irrelevant and may confuse the jury. The supervisory liability claims were dismissed and this is not a case against the Commonwealth of Puerto Rico.

**VI.**    **Witnesses to Be Excluded**

Defendants request the exclusion of the witnesses named hereinafter:

1.    Micaela Gualdarrama - According to the Proposed Joint Pretrial Order submitted by the parties, plaintiff is bringing this witness to:

> testify as to the incident, her pain and suffering, medical treatment, criminal prosecution and defendants' conduct.

Defendants object to Micaela Gualdarrama testifying regarding the criminal prosecution. It is irrelevant as to the issues in this case because that was the criminal case for assaulting an officer and this is a civil case for the alleged violations of her civil rights. The fact that Plaintiff was found not guilty does not have a bearing on this case. See also discussion on section III.

2. Reina Roldán - According to the Proposed Joint Pretrial Order submitted by the parties, plaintiff is bringing this witness to:

> testify as to the incident, her pain and suffering, medical treatment, criminal prosecution and defendants' conduct.

Defendants object to Reina Roldan testifying regarding the criminal prosecution. It is irrelevant as to the issues in this case because that was the criminal case for assaulting an officer and this is a civil case for the alleged violations of her civil rights. Also the claim regarding false arrest was dismissed. The fact that she was found not guilty does not have a bearing on this case. See also discussion on Section III.

3. Eli López - According to the Proposed Joint Pretrial Order submitted by the parties, plaintiff is bringing this witness to:

> testify as to criminal proceedings conducted.

Defendants' object to Eli Lopez testifying. He was not present during the incident that took place relevant to this case. The criminal proceedings are irrelevant to the issues in this case. If he is going to testify regarding the probable cause determination, Defendants also object. Probable cause was determined by a judge at a hearing and Plaintiffs are now estopped from challenging the probable cause determination. Se also discussion on Section III.

4. FBI - Special Agent Ricardo García with his investigation report.

Defendants object to Agent Ricardo García testifying since he was not present during the incident that took place relevant to this case. Also, the investigation report does not deal with the issues in this case. His investigation concerns another case.

5. "Victims Mayna Nevárez Barceló and Suzette Rodríguez Lumbano". No description whatsoever of their testimony is proffered.

Defendants object to Mayna Nevárez Barceló and Suzette Rodríguez Lumbano testifying since they were not present during the incident that took place relevant to this case. They have no personal knowledge as to the incidents in this case. They are the Plaintiffs in a different case against María Rivera, and their testimony would be biased. Also, insofar as plaintiffs did not provide a "short statement of [the] witness' intended testimony", as required by this Honorable Court's Order, their testimony should be excluded. We do not waive our right to object to the scope of plaintiff's intended questioning to the witnesses.

## VII. Dr. Rojas and Plaintiffs Medical Records

Defendants object the use of this witness because he was untimely named as a witness. Furthermore, defendants also object to the use of this witness because his testimony will be an expert opinion and plaintiff did not comply with FRCP 26 and specifically with FRCP 26(a)(2)(B). This "evidence" was not disclose as required by FRCP 26(a)(3)©, in fact the medical records concerning Dr. Rojas has not even been disclosed. Also, Defendants respectfully submit that they are entitled to the mandatory exclusion of plaintiff's psychiatrist expert witness testimony pursuant to Fed. R. Civil 37(c), inasmuch as any opposite provision will certainly cause unfair burden to the Defendants. Due to Plaintiff's lack of compliance with the discovery rules governing the instant proceedings, defendants will be unable to prepare an adequate defense or challenge plaintiff's expert testimony. Fed. R. Civ. P. 37(c) states that a party that without substantial justification fails to disclose information required by Fed. R. Civ. P. 26 (a)(2)(B) shall not, be permitted to use as evidence at a trial any

12

information not so disclosed. Plaintiff has the duty to make available all supporting documentation for its expert's opinion, those documents were never made available to the Defendants. Fed. R. Civ. P. 26 (a)(1)(B) also imposed the party pretending to use an expert witness to disclosed all documents that the disclosing party may use to support its claim.

Fed. R. Civil P. 26 (a)(2)(B) states as follows:

(2) Disclosure of Expert Testimony.

> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Plaintiffs notified the expert witness after the discovery finished. On the case at hand Plaintiff did not comply with the obligations of Rule 26. The supporting documents are very essential to the preparation and the defense for defendants, were not included. Also not included were "a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

In light of the above, exclusion is appropriate based on Plaintiff lack of compliance with Rule 26.

WHEREFORE, the defendants respectfully request that the documents, witnesses and video included in this motion be excluded and stricken from the trial of the present case **and that this Honorable Court issue an order directed to the plaintiff, her legal representation and witnesses to refrain them from mentioning or making reference to the criminal case Pueblo v. Micaela Guardarrama, including opening statement and closing arguments.**

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 17th day of April, 2006.

WE HEREBY CERTIFY that on this same date a true and exact copy of the foregoing

S/Isabel M. Rodríguez Casellas
**ISABEL M. RODRÍGUEZ CASELLAS**
USDC-PR No. 218402
**SÁNCHEZ-BETANCES, SIFRE, MUÑOZ-NOYA & RIVERA, P.S.C.**
P.O. Box 195055
San Juan, Puerto Rico 00919-5055
Phone: (787) 756-7880
Fax No. (787) 753-6580

H:\200-Justicia\200.179\013Mt-inlimine.wpd