IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MICAELA GUALDARRAMA, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MARIA RIVERA ORTIZ, et al.,**<br><br>**Defendants.** | **CIVIL NO. 97-2481 (SEC)(JA)** |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**
**PRIOR TO OPENING STATEMENTS**

**TO THE HONORABLE COURT:**

**COME NOW** defendants Victor Marrero and Maria Rivera Ortiz (hereinafter "Defendants"), through the undersigned counsel and very respectfully submit the following proposed jury instructions attached to this motion and listed herein by making reference.

1. General Instructions - Civil

2. Order of Trial

3. Evidence in the Case

4. Province of Court and Jury

5. Note taking-Prohibited

6. Credibility of Witnesses-Discrepancies in Testimony

7. Court's Questions to Witnesses

8. Court's Comments to Counsel

9. Court's Comments on Evidence

10. Bench Conference and Recesses

11. Admonition Prior to Court's Recess

12. Publicity during Trial

13. Objections and Rulings

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record to their respective electronic address of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 1st day of April, 2007.

**ROBERTO J. SANCHEZ RAMOS**
**Secretary of Justice**

**VIVIAN GONZALEZ MENDEZ**
Deputy Secretary
In Charge of Litigation

**S/Francisco A. Ojeda-Diez**
FRANCISCO A. OJEDA-DIEZ
U.S.D.C.-PR NO. 211108
General Litigation Office
Department of Justice
P.O. Box 9020192
San Juan, PR. 00902-0192.
Tel. (787) 721-2900, Ext. 2605
Fax: (787) 723-9188
E-mail: fojeda@justicia.gobierno.pr

# DEFENDANTS' PROPOSED JURY INSTRUCTION 1

## GENERAL INSTRUCTIONS-CIVIL

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party [parties] who sues [sue] is [are] called the plaintiff[s]. In this action, the plaintiff[s] is [are] Micaela Gualdarrama and Reina Roldan. The party [parties] being sued is [are] called the defendant[s]. In this action, the defendant[s] is [are] Victor Marrero and Maria Rivera Ortiz.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in

your presence. [You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments about the trial.]

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

--------------------

Source: O'Malley, Grening and Lee, Federal Jury Practice and Instructions, Section 101.01 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 2

## ORDER OF TRIAL

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff[s] _____ will present evidence in support of plaintiff's[s'] claim[s] and the defendant's[s'] lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's[s'] case, the defendant[s] _____ may introduce evidence and the plaintiff's[s'] lawyer may cross-examine the witnesses. The defendant[s] is [are] not required to introduce any evidence or to call any witnesses. [If the defendant[s] introduce[s] evidence, the plaintiff[s] may then present rebuttal evidence.]

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 101.02 (5th. ed. 2000).

# DEFENDANTS' PROPOSED JURY INSTRUCTION 3

## EVIDENCE IN THE CASE

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony]. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 101.40 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 4

## PROVINCE OF COURT AND JURY

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses acts; and the jury may disregard them entirely, since the jurors are the sole judges of the facts.

--------------------

Source: O'Malley, Grening and Lee, Federal Jury Practice and Instructions, Section 101.10 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 5

## NOTE TAKING-PROHIBITED

I do not believe that it would be useful or helpful for you to take notes during the trial. Taking notes may distract you so that you cannot give attention to all the testimony. Please do not take any notes while you are in the courtroom.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions,</u> Section 101.14 (5th. ed. 2000).

# DEFENDANTS' PROPOSED JURY INSTRUCTION 6
## CREDIBILITY OF WITNESSES - DISCREPANCIES IN TESTIMONY

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of

any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more

----------------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 105.01 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 7

## COURT'S QUESTIONS TO WITNESSES

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

--------------------

Source: O'Malley, Grening and Lee, Federal Jury Practice and Instructions, Section 102.72 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 8

## COURT'S COMMENTS TO COUNSEL

It is my duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 102.70 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 9

## COURT'S COMMENTS ON EVIDENCE

The law permits a federal judge to comment to the jury on the evidence in a case. Such comments are only expressions of my opinion as to the facts and you may disregard them entirely. You are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 102.73 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 10

## BENCH CONFERENCES AND RECESSES

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 101.31 (5th. ed. 2000).

# DEFENDANTS' PROPOSED JURY INSTRUCTION 11

## ADMONITION PRIOR TO COURT'S RECESS

We are about to take our first recess [break]. I want to remind you of the instructions I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial. If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 102.01 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 12

## PUBLICITY DURING TRIAL

If there is publicity about this trial, you must ignore it. Do not read anything or listen to any television or radio programs about the case. You must decide this case only from the evidence presented in the trial.

--------------------

Source:  O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 101.19 (5th. ed. 2000).

## DEFENDANT'S PROPOSED JURY INSTRUCTION 13

## OBJECTIONS AND RULINGS

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 102.71 (5th. ed. 2000).

FAO
c:...Proposed Jury Instructions Prior to opening statements