## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MICAELA GUALDARRAMA, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **CIVIL NO. 97-2481 (SEC)(JA)** |
| **MARIA RIVERA ORTIZ, et al.,** | |
| **Defendants.** | |

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS
### PRIOR TO JURY DELIBERATIONS

**TO THE HONORABLE COURT:**

**COME NOW** defendants Victor Marrero and Maria Rivera Ortiz (hereinafter "Defendants"), through the undersigned counsel and very respectfully submit the following proposed jury instructions prior to jury deliberations attached to this motion and listed herein by making reference.

1. Province of the Court

2. Instructions apply to each party

3. Multiple Defendants

4. "If you find," or "If you decide

5. Evidence-Direct, Indirect or Circumstancial

6. Inferences defined-presumption of regularity-ordinary course of business-obedience to law

7. Number of witnesses

8. Single witness

9. Impeachment by inconsistent statement or conduct- Falsus in uno Falsus omnibus

10. Effect of prior inconsistent statement or conduct-by a witness not a party- by a party

11. Preponderance of the evidence

12. What is not evidence

13. The statute involved: 42 U.S.C. §1983

14. 42 U.S.C. §1983-Burden of proof

15. Elements of a Section 1983 claim

16. "Under color of law"-Defined

17. "Deprivation of Right"-General

18. Personal Involvement

19. State of Mind-General

20. State of Mind-Intentional

21. State of Mind-Recklessness

22. State of Mind-Negligence

23. Excessive Force-Nature of the Action

24. Excessive Force-Generally

25. Excessive Force

26. Proximate cause-general

27. Proximate cause-causal connection

28. Casualty must be established

29. Qualified Immunity

30. "Good Faith" Defense

31. Reach of Qualified Immunity

32. Credibility of witnesses

33. Consideration of the evidence

34. Limiting instruction

35. Consider damages only if necessary

36. Conduct and damages separate and distinct issue

37. Damages injury in fact

38. Damages-proximate causation

39. Compensatory damages

40. Punitive damages

41. Mitigation of damages

42. Damages-reasonable-not speculative

43. Effect of instructions as to damages

44. Verdict-unanimous-duty to deliberate

45. Election of foreperson-General verdict

46. Verdict form-Jury's responsibility

47. Communication between Court and Jury during Jury's deliberations


**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record to their respective electronic address of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 1st day of April, 2007.

**ROBERTO J. SANCHEZ RAMOS**
**Secretary of Justice**

**VIVIAN GONZALEZ MENDEZ**

Deputy Secretary
In Charge of Litigation

**S/Francisco A. Ojeda-Diez**
FRANCISCO A. OJEDA-DIEZ
U.S.D.C.-PR NO. 211108
General Litigation Office
Department of Justice
P.O. Box 9020192
San Juan, PR. 00902-0192.
Tel. (787) 721-2900, Ext. 2605
Fax: (787) 723-9188
E-mail:  fojeda@justicia.gobierno.pr

## DEFENDANTS' PROPOSED JURY INSTRUCTION 1

## PROVINCE OF THE COURT

**MEMBERS OF THE JURY:**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.]

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

--------------------

Source: O'Malley, Grening and Lee, Federal Jury Practice and Instructions, Section 103.01 (5th. ed. 2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 2**

**INSTRUCTIONS APPLY TO EACH PARTY**

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 103.10 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 3
### MULTIPLE DEFENDANTS

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiffs, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. [Unless otherwise stated,] all instructions I give you govern the case as to each defendant.

--------------------

Source: O'Malley, Grening and Lee, Federal Jury Practice and Instructions, Section 103.14 (5th. ed. 2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 4**

**"IF YOU FIND", OR "IF YOU DECIDE"**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 104.04 (5th. ed. 2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 5**

**EVIDENCE-DIRECT-INDIRECT OR CIRCUMSTANTIAL**

Generally speaking, there are two types of evidence that are generally presented during a trial--direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 104.05 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 6

## INFERENCES DEFINED-PRESUMPTION OF REGULARITY-ORDINARY COURSE OF BUSINESS-OBEDIENCE TO LAW

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

 --------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Sections 104.20 & 104.21 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 7

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

 --------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 104.54 (5th. ed. 2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 8**

**SINGLE WITNESS**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

 --------------------

Source:   3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 72.14 (4th. ed. 1987)

**DEFENDANTS' PROPOSED JURY INSTRUCTION 9**

**IMPEACHMENT-INCONSISTENT STATEMENTS**
**OR CONDUCT-FALSUS IN UNO FALSUS OMNIBUS**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---------------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 105.04 (5th. ed. 2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 10**

**EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT-
BY A WITNESS NOT A PARTY-BY A PARTY**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

-----------------------------

Source: O'Malley, Grening and Lee, Federal Jury Practice and Instructions, Section 105.09 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 11

### PREPONDERANCE OF THE EVIDENCE

Plaintiff _____ has the burden in a civil action, such as this, to prove every essential element of [plaintiff's] claim by a preponderance of the evidence. If plaintiff _____ should fail to establish any essential element of [plaintiff's] claim by a preponderance of the evidence, you should find for defendant _____ as to that claim.

[The defendant has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.]

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 104.01 (5th. ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 12

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, you memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.      Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

5.      I have not meant to indicate any opinion as to the facts by my rulings, conduct or remarks during the trial; but if you think I have, you should disregard it, because you are the sole judges of the facts.

--------------------

Source:  Pattern & Model Jury Instructions – Civil- of the Ninth Circuit, Instruction 3.3 (2001); Fifth Circuit Instruction, Basic Instruction 3A, 3B.  Cook v. Vineyard, 291 Mich. 289 N.W. 181 (1939); Marick v. Elsey, 47 Mich. 10.

## DEFENDANTS' PROPOSED JURY INSTRUCTION  13

## THE STATUTE INVOLVED: 42 U.S.C.A. § 1983

Civil rights law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons, who under color of law, deprive that individual of his or her federally protected rights.  An action alleging a violation of civil rights can bi brought in this Court against a municipal government and also against an individual government official who violated those rights.

Section 1983 of Title 42 authorizes the imposition of liability only upon a defendant who "subjects, or causes to be subjected, any citizen ... or other person ... to the deprivation of any rights" protected by federal law.  Thus, the defendants' conduct must have a sufficiently close relationship to the claimed violation of the plaintiff's rights in order to conclude that the defendants "subjected" the plaintiff "to the deprivation" of his federally protected rights.

The constitutional violation must be shown to be the proximate cause of the damage.

--------------------

Source: 42 U.S.C.A. §1983.
    Martínez vs. California, 44 U.S. 277, rehearing denied, 445 U.S. 920 (1980).
    Brower vs. County of Invo, 79 S. Ct. 1378, 1382-83 (1989).
    Estate of Gilmore vs. Buckley, 787 F. 2d 714 (1st Cir.), cert. denied 107 S. Ct. 270 (1986).
    Stringer vs. Dilger, 313 F. 2d 536 (10th Cir. 1963).
    Hardwick vs. Hurley, 289 F. 2d (7th Cir. 1961).
    Selico vs. Jackson, 201 F. Supp. 475 (S.D. Cal. 1962).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 14

## 42 U.S.C.A. § 1983-BURDEN OF PROOF

The plaintiffs have the burden of proving each and every element of their section 1983 claim by a preponderance of the evidence.  If you find that any one of the elements of plaintiffs' section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

The defendants have the burden of proving each and every element of their affirmative defense.  If you find that any one of the elements of defendants' defense has not been proven by a preponderance of the evidence, you must disregard the defense.

--------------------

Source: Adapted from 7 Cook & Sobieski, <u>Civil Rights Actions</u>, Section F17.02-8 (1997).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 15**

**ELEMENTS OF A SECTION 1983 CLAIM**

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

--------------------

Source: Adapted from 7 Cook & Sobieski, <u>Civil Rights Actions</u>**,** Section F17.02-9 (1997).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 16**

**"UNDER COLOR OF STATE LAW"-DEFINED**

Acts are done "under color of ... law" of a State or Municipality, not only when the State or Municipal officials act within the bounds or limits of their lawful authority, but also when such officers act without and beyond the bounds of their lawful authority.  In order for unlawful acts of an official to be done "under color of any law", however, the unlawful acts must be done while official is purporting or pretending to act in the performance of his official duties;  that is to say, the unlawful acts must consist in an abuse or misuse of power which is possessed by the official only because he is an official;  and the unlawful acts would not have occurred but for the fact that the person committing them was an official, purporting to exercise his official powers.

A purely private act of a State or Municipal official is not a state action therefore is not under color of state law.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions,</u> Section 168.30 (5th. ed. 2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 17**

**"DEPRIVATION OF RIGHT"- GENERAL INSTRUCTION**

The second element of plaintiffs' claim is that they were deprived of a federal right by the defendants.  In order for the plaintiffs to establish the second element, they must show these things by a preponderance of the evidence: first, that the defendants committed the acts alleged by plaintiffs; second, that those acts caused the plaintiffs to suffer the loss of a federal right; and, third, that, in performing the acts alleged, the defendant acted intentionally and recklessly.

--------------------

Source:  Adapted from 7 Cook & Sobieski, Civil Rights Actions, Section F17.02-15 (1997).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 18**

**PERSONAL INVOLVEMENT**

In order to find a "person" liable under Section 1983, there must be proof that the actions or omissions of that particular "person" itself caused the constitutional deprivation.

In other words, liability cannot be imposed upon one "person" on the basis that another different person acted in a way that violated plaintiff's rights or injured him in some way.

For purposes of the word "person", you can understand this to be a natural person or an institution, such as the Municipality.

--------------------

Source: <u>Monnell v. Department of Social Services</u>, 436 U.S. 658 (1978).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 19**

**STATE OF MIND- GENERAL**

I instruct you that, to establish a claim under section 1983, the plaintiffs must show that the defendants acted intentionally, recklessly or with gross negligence.  If you find that the acts of the defendants were merely negligent, then, even if you find that the plaintiffs were injured as a result of those acts, you must return a verdict for the defendant.

--------------------

Source: Adapted from 7 Cook & Sobieski, <u>Civil Rights Actions</u>**,** Section F17.02-19 (1997).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 20**

**STATE OF MIND- INTENTIONAL**

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

--------------------

Source: Adapted from 7 Cook & Sobieski, <u>Civil Rights Actions</u>**,** Section F17.02-20 (1997).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 21**

**STATE OF MIND- RECKLESSNESS**

An act is reckless if it is done in conscious disregard of its known probable consequences. In determining whether the defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

--------------------

Source: Adapted from 7 Cook & Sobieski, <u>Civil Rights Actions</u>**,** Section F17.02-21 (1997).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 22**

**STATE OF MIND- NEGLIGENCE**

An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and the defendant then breached that duty or obligation.

--------------------

Source: Adapted from 7 Cook & Sobieski, <u>Civil Rights Actions</u>, Section F17.02-22 (1997)**.**

## DEFENDANTS' PROPOSED JURY INSTRUCTION 23

## EXCESSIVE FORCE-NATURE OF THE ACTION

Plaintiffs claim damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to plaintiff by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, plaintiffs allege that defendants police officers subjected plaintiffs to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the Constitutional right to be free from the excessive use of force against plaintiffs' person during the course of an arrest.

Defendants police officers deny that any of their actions during the time in question violated plaintiffs' constitutional rights. Defendants police officers that they were acting in good faith and with probable cause and that their actions were reasonable. Defendants police officers further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

--------------------

Source: O'Malley, Grening and Lee, Federal Jury Practice and Instructions, Section 165.01 (5th. ed. 2000)

**DEFENDANTS' PROPOSED JURY INSTRUCTION 24**

**EXCESSIVE FORCE-GENERALLY**

In order to prove plaintiffs' claim, the burden is upon plaintiffs to establish by a preponderance of the evidence each of the following elements:

First: That defendants police officers performed acts that operated to deprive plaintiffs of one or more of plaintiffs' federal Constitutional rights, as defined and explained in these instructions, by [arresting or seizing plaintiffs without probable cause] [subjecting plaintiffs to an unreasonable search of plaintiffs' dwelling] [using excessive force against plaintiffs during the course of the plaintiffs' arrest];

Second: That defendants police officers then and there acted under the color of state law; and

Third: That defendants police officers' acts were the proximate cause of damages sustained by plaintiff.

--------------------

Source: O'Malley, Grening and Lee, Federal Jury Practice and Instructions, Section 165.20 (5th. ed. 2000)

## DEFENDANTS' PROPOSED JURY INSTRUCTION 25

## EXCESSIVE FORCE

Plaintiffs claim the defendants police officers used excessive force when they arrested [seized] plaintiffs.  In making a lawful arrest, a law enforcement officer has the right to use such force as is necessary under the circumstances to effect the arrest. Whether or not the force used in making an arrest was unreasonable is question to be determined by you in light of all of the evidence received in the case.

You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in this case. In determining whether the defendant police officers used excessive force, you may consider:

1. The extent of the injury suffered,

2. The need for the application of force,

3. The relationship between the need and the amount of force used,

4. The threat reasonably perceived by the responsible officials, and

5. Any efforts made to temper the severity of a forceful response. Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight. The nature of reasonableness must allow for the fact that police officers are often forced to make split-second judgments—under circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is

necessary in a particular situation.

This reasonableness inquiry is an objective one. The question is whether the defendant police officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

If you find that plaintiff has proven plaintiff's claim, you must then consider the defense of plaintiff police officers that their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that they are therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens. [Announce the Court's ruling on what constitutional right involved was clearly established.]

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that plaintiff has proved that defendant police officers knowingly violated the law regarding the plaintiff's constitutional rights, you must find for plaintiff .

If, however, you find that defendant police officers had a reasonable belief that their actions did not violate the constitutional rights of the plaintiff, then you cannot find defendant police officers liable even if the plaintiff's rights were in fact violated as a result of the defendant police officers' objectively reasonable action.

--------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 165.23 (5th. ed. 2000)

**DEFENDANTS' PROPOSED JURY INSTRUCTION 26**

**PROXIMATE CAUSE- GENERALLY**

The third element which plaintiffs must prove is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiffs. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' acts or omissions. If an injury was a direct result or a reasonably probable consequence of defendants' acts or omissions, it was proximately caused by such act or omission. In other words, if a defendants' act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendants' act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

--------------------

Source: Adapted from 7 Cook & Sobieski, Civil Rights Actions, Section F17.02-23 (1997).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 27**

**PROXIMATE CAUSE-CAUSAL CONNECTION**

To satisfy the element of proximate causation, plaintiffs must show that the defendants' conduct was the cause in fact of the alleged deprivation.  The issue of causation of damages in a section 1983 suit is based on basic notions of tort causation.  In applying basic tort principles to the facts raised by a particular section 1983 claim, the causation requirement may be fleshed out with reference to state law principle.

The basis tort principle under Puerto Rico's laws is found in Article 1802 of the Puerto Rico Civil Code (1930), 31 L.P.R.A. § 5141, states that: "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done."  For there to be liability under this statute, it is necessary to establish three elements: First, that a damage was suffered; Second, that a causal connection exists between the damage and the act or omission of another person; and Third, that said act or omission was faulty or negligent.

--------------------

Source:  31 L.P.R.A. § 5141,
       Rodriguez Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997)
       Miranda v. E.L.A., 94 J.T.S. 152.

**DEFENDANTS' PROPOSED JURY INSTRUCTION 28**

**CAUSALITY MUST BE ESTABLISHED**

A causal connection must be established between plaintiffs' alleged constitutional violation and each defendant found to be liable for damages.  If a causal connection is not established between either of the defendants and an identifiable constitutional deprivation or injury, defendants cannot be held liable for damages.

--------------------

Source:  <u>Rizzo vs. Goode</u>, 423 U.S. 362 (1976).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 29**

**QUALIFIED IMMUNITY**

Government officials performing discretionary functions are granted qualified immunity from civil claims for damages, if their conduct at the time of the alleged acts that give rise to the civil damages "...does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

The relevant inquiry "...is the objective question whether a reasonable officer could have believed" the actions alleged by the plaintiff herein" ... to be lawful, in light of clearly established law and the information the state official" possessed.

--------------------

Source: <u>Harlow vs. Fitzgerald</u>, 457 U.S. 800, 818, 102 S. Ct. 2727, 2735, 73 L. Ed. 2d 396 (1982).
        <u>Anderson vs. Creighton</u>, 107 S. Ct. 3034 at 3040.
        <u>Stathos vs. Bowden</u>, 728 F.2d 15, 20 (1st Cir. 1984)
        <u>Werle vs. Rhode Island</u>, Slip Opinion pg. 9 (1st Cir. February 25, 1985)

## DEFENDANTS' PROPOSED JURY INSTRUCTION 30

### "GOOD FAITH" DEFENSE

If the defendant reasonably believed that he was acting by authority of a valid statute, and acted in good faith on the basis of this belief, then his reasonable belief and good faith action would constitute a defense to the plaintiff's claim.

--------------------

Source: 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions Section 103.09 (4th ed. 1987).

    Bivens vs. Six Unknown Named Agents, 456 F. 2d 1339;

    Mitchell vs. Fortsyth, 105 S. Ct. 2806;

    Harlow vs. Fitzgerald, 457 U.S. 800, 818 (1982).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 31**

**REACH OF QUALIFIED IMMUNITY**

Even defendants who violate constitutional rights enjoy a qualified immunity that protects them from liability for damages unless it is further demonstrated that their conduct was unreasonable with respect to clearly established rights and laws at the time of established rights and laws at the time of the conduct at issue.

--------------------

Source: <u>Davis vs. Scherer</u>, 104 S. Ct. 3012, 3021 (1984);
<u>Mitchell vs. Fortsyth</u>, 105 S.Ct. 2806 (1985).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 32**

**CREDIBILITY OF WITNESSES**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?"

--------------------

Source: Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 3 (2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 33**

**CONSIDERATION OF THE EVIDENCE**

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence -such as testimony of an eyewitness. The other is indirect or circumstantial evidence- the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

--------------------

Source: Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth Circuit, Instruction No. 2.18 (2005).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 34**

**LIMITING INSTRUCTION**

You will recall that during the course of this trial I instructed you that I admitted certain testimony and certain exhibits for a limited purpose and I instructed you that you may consider some testimony and documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.

--------------------

Source:  Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth Circuit, Instruction No. 2.15 (2005).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 35**

**CONSIDER DAMAGES ONLY IF NECESSARY**

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

--------------------

Source:  Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth Circuit, Instruction No. 15.1 (2005).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 36**

**CONDUCT AND DAMAGES SEPARATE AND DISTINCT ISSUE**

Conduct and damages are separate and distinct issues. To award damages you must find that defendants' conduct caused damages to the plaintiff. If defendants' conduct is not the direct, proximate or legal cause of plaintiff's damages, then no damages may be awarded. Damages may be awarded only if you find that defendants violated plaintiff's rights and that their conduct caused some injury to the plaintiff.

Conduct by a defendant that does not cause him harm does not entitle plaintiff to damages. By the same token, harm to the plaintiff which is not the result of unlawful conduct by defendants does not entitle him to damages.

--------------------

Source: McBride, <u>The Art of Instructions to the Jury</u>;  Posser, on Torts, Proximate Cause; and Manual of Model Jury Instructions for the Ninth Circuit, 1985 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION 37**

**DAMAGES-INJURY IN FACT**

You may award damages only for those injuries which you find plaintiff has proven, by a preponderance of evidence, to have been the direct result of conduct by defendants in violation of Section 1983.  You must distinguish between, on the one hand, the existence of a violation of plaintiff's rights and, on the other hand, the existence of actual injuries proximately resulting from that violation.  Thus, even if you find that defendants deprived plaintiff of his rights, you must ask whether plaintiff has proven that the deprivation caused his actual damages.

Where no actual injury is proven, no compensatory damages can be awarded.  Plaintiff cannot recover damages based upon the abstract value or importance of a constitutional right.  Actual damages must be based on the evidence presented at trial, and only on that evidence; they must not be based on speculation or sympathy.

--------------------

Source:  Memphis Community School Dist. vs. Stachura, 106 S. Ct. 2535 (1986);
           Smith v. Wade, 461 U.S. 30 (1983).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 38**

**DAMAGES - PROXIMATE CAUSATION**

You are not to award damages for any injury or condition from which a plaintiff may have suffered or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the action in question.

------------------------

Source: 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 85.15 (4th ed. 1987).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 39

## COMPENSATORY DAMAGES

If you find that the constitutional rights of any of the plaintiffs were violated, or that the defendants are liable to any of them for their negligent or intentional acts, this entitles them to compensation for their damages. If you decide for any of the plaintiffs on the issue of liability, you must then fix the amount of money damages which will reasonably and fairly compensate him or her for any harm for which the wrongful conduct of the defendants was a substantial factor in bringing about.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

Among the elements of injury and harm which you should consider are:

(1) the violation of plaintiffs' constitutional rights to freedom from political discrimination, and the value thereof;

(2) the violation of plaintiffs' constitutional rights to due process;

(3) the mental sufferings caused by the defendants' actions; the emotional and mental harm to each of the plaintiffs, including any way in which defendants actions affect each of their

44

ongoing lives. You may consider these harms do date and such harms which any of them will with reasonable certainty suffer in the future;

(4) the physical or medical harm to plaintiffs, including their past sufferings and any physical sufferings each will, with reasonable certainty, suffer in the future;

(5) the loss of any earnings due to the actions undertaken by the defendants;

(6) the value of the damages caused to the good name and reputation of each of the plaintiffs and its future value; and

(7) the extent and duration of the damages, including whether they are permanent and their probable continuation in the future.

In considering the damages that should be awarded to the plaintiff, you should look at the nature and circumstances of the wrongs committed against each plaintiff and their particular effect on each one.

Where mental or emotional distress or loss of reputation are proven, the Court cannot give you any rule by which to measure the specific amount of damages resulting from such an injury. This is a matter that is left to the conscience, good sense and sound judgment of the jury. You should not act unreasonably through bias, passion, or sympathy, but should exercise common sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate the plaintiffs for all the injuries they suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

45

It will be your task to translate these legal damages into money damages.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

--------------------

Source:  3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 103.01 (4th ed. 1987); Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth Circuit, Instruction No. 15.2; Restatement of Torts II, Sec 431; <u>Carey v. Payoffs</u>, 435 US 247 (1978).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 40

## PUNITIVE DAMAGES

In addition to either actual damages, the law permits the jury, under certain circumstances, to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to the defendant and others not to engage in that conduct.

If you find from a preponderance of the evidence that the plaintiff is entitled to a verdict for actual damages, and you further find that the conduct of the defendant, which proximately caused injury or damage to the plaintiff, was done maliciously, or wantonly, or oppressively, then you may add to the award of actual damages such amount, as you unanimously agree to be proper, as punitive damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the plaintiff individually, or toward all persons in the group or category of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in a reckless or callous disregard of, or indifference to, the rights of one or more persons, including the plaintiff.

An act or a failure to act is "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or misfortune of the plaintiff.

If you unanimously find, from a preponderance of the evidence in the case, that the defendant's conduct, which proximately caused actual damages to the plaintiff, was done

47

maliciously, or wantonly, or oppressively, it is within your discretion to decide whether to award punitive damages.  However, such extraordinary damages may be allowed only if you should first unanimously award the plaintiff a verdict for compensatory damages.

The amount of any punitive damages awarded must be fixed within calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party in the case.

It is entirely up to you to decide whether or not punitive damages should be awarded.  In this respect you have considerable discretion.  You may decide that even though compensatory damages have been awarded, you believe that no punitive damages are called for.

I can give you no objective yardstick for measuring punitive damages.  You will have to use your own common sense and experience and determine what amount would be appropriate to punish the defendants and to create a deterrent example.  The amount of punitive damages should be fair and reasonable.  It should take into account the degree of reprehensibility of the defendant's conduct and the relationship to the actual harm inflicted on the plaintiff.  It should be proportionate to the need to punish the defendant and to deter him and others from like conduct; it should not be based on whim or on unrestrained imagination.

-------------------

Source:  4 Schwartz & Pratt, <u>Section 1983 Litigation- Jury Instructions</u>, Section 18.01, page 18-32 to 18-33 (2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION 41

## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate, that is, to avoid or minimize those damages.

If you find the defendants are liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny his recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendants have the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendants have satisfied their burden of proving that the plaintiff's conduct was not reasonable.

--------------------

Source:  Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth Circuit, Instruction No. 15.15

**DEFENDANTS' PROPOSED JURY INSTRUCTION 42**

**DAMAGES - REASONABLE - NOT SPECULATIVE**

Awards of damages must be reasonable.  If you should find that plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such damages.

You are not permitted to award speculative damages, those based on guesswork.  You may only award such damages as will put them in the same condition as they were before the incident leaving them no worse off and no better of then if the violation had never occurred.

--------------------

Source:  Adapted from 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 85.14 (4th ed. 1987).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 43**

**EFFECT OF INSTRUCTIONS AS TO DAMAGES**

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

----------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 106.02 (5th. ed. 2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 44**

**VERDICT-UNANIMOUS-DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judged- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

----------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions,</u> Section 106.01 (5th. ed. 2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 45**

**ELECTION OF FOREPERSON-GENERAL VERDICT**

Upon retiring to the jury room, you will select one of your members to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesman here in Court.

Forms of verdict have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to each answer, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree;  and then return with your verdict to the courtroom.

-----------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 106.04 (5th. ed. 2000)..

**DEFENDANTS' PROPOSED JURY INSTRUCTION 46**

**VERDICT FORM--JURY'S RESPONSIBILITY**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

----------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 106.07 (5th. ed. 2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION 47**

**COMMUNICATION BETWEEN COURT AND
JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to me-- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

------------------------

Source: O'Malley, Grening and Lee, <u>Federal Jury Practice and Instructions</u>, Section 106.08 (5th. ed. 2000).