IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **Micaela Gualdarrama, et. al.** | ▨ | |
| Plaintiffs | ▨ | CIVIL NO. 97-2481 (SEC) (JA) |
| v. | ▨ | Re: PERSONAL INJURY |
| **Maria Rivera Ortiz; et. al.** | ▨ | CIVIL RIGHTS VIOLATION |
| Defendants | ▨ | **JURY TRIAL REQUESTED** |
| | ▨ | 42 USC §1983 |

### *INFORMATIVE MOTION AND JURY INSTRUCTIONS FILING*

TO THE HONORABLE COURT:

COME NOW plaintiff, Micaela Gualdarrama and Reina Roldán, through their undersigned attorney, respectfully informs as follows:

1.     After various conversations, letters and meetings, defendants have not been granted any authorization towards settlement of this case. The final decision was reached on April 4, 2007 at 4:30 p.m.

2.     Thus we proceed as ordered by this Honorable Court. We have reviewed the Proposed voir dire and verdict forms filed by defendants, and have no objection to using the same at trial. As to the Jury Instructions, ours are made a part of this document.

Wherefore, plaintiffs request submit the same, to be considered by this Honorable Court.  In San Juan, Puerto Rico, this April 4, 2007.

**S/OSVALDO PEREZ MARRERO**
USDC-PR 119013
Banco Cooperativo Plaza
Suites 601-602A
Ave. Ponce de León 623
Hato Rey, PR 00917-4806
Tel. 753-1313 Fax. 753-1317
E-mail: opm@opmlaw.org

#1

JURY INSTRUCTIONS

The Fourth Amendment to the United States Constitution provides, in part, that:

The right of the people to be secure in their persons ... against unreasonable ... seizures, shall not be violated....

A use of excessive force by police violates the provision of the Fourth Amendment just read to you. When a police officer uses excessive force, a plaintiff may recover damages against that police officer under the Civil Rights Act, 42 United States Code Section s. 1983.

Amendment 4, US Constitution; <u>Davidson v O'lone</u>, 752 F. 2d 817, 827 (3d Cir. 1984)

#2

Application of force by police officers  exceeding that which is reasonable and necessary under the circumstances states a claim under s. 1983.

<u>Davidson v O'lone</u>, 752 F. 2d 817, 827 (3d Cir. 1984)

#3

A citizen has the right to be free from unreasonable force when being arrested or detained by a law enforcement officer.

Street v Parham, 929 F.2d 537,540 (10th Cir. 1991); Zuchel v. Spinharney, 890 F2d 273,274 (10th Cir. 1989)

#4

The test you are to use to determine if the force used in this case was excessive in this: pay careful attention to the facts and circumstances, including the severity, or lack of severity, of the alleged crime in issue; whether the person against whom the force was used posed an immediate threat to the safety of the police or others; and whether the person against whom the force was used was actively resisting arrest or attempting to evade arrest by flight (trying to get away). You must weigh together all of these three factors to determine whether or not the force used was or was not excessive.

Graham v Connor, 490 US 386,396 (1989)

#5

    The use of any force by officers simply because a suspect is argumentative, contentious, or vituperative is illegal. Force can only be used to overcome physical resistance or threatened force, and a lack of provocation or need to use force would make any use of force excessive. The use of more force than is necessary or of force for an improper purpose is illegal.

Bauer v Norris, 713 F2d 408, 412(8th Cir. 1983); Agee v Hickman, 490 F2d 210, 212 (8th Cir. 1974)

#6

No officer could reasonably believe that the use of unreasonable force did not violate clearly established law. Once the jury concludes that, even under all the circumstances, excessive force had been used, the inquiry is over.

Street v Parham, 929 F.2d 537,540 (10th Cir. 1991)

#7

    Unjustified striking, beating, or infliction of bodily harm gives rise to liability under 42 U.S.C. Section 1983.

<u>Gray v Spillman</u>, 925 F2d 90, 93 (4th Cir. 1991)

#8

A lack of provocation or need to use force makes any use of force excessive and illegal.

US v Harrison, 671 F2d 1159 (8th Cir 1982)

#9

Force that is not plausibly necessary and evinces a wanton disregard for the unjustified infliction of harm is unconstitutional.

Mcrorie v Shimoda, 795 F2d 780, 784 (9th Cir. 1986)

#10

Where the state abuses its governmental power through an alleged policy of actively placing a person into a situation of known danger, the Constitution proscribes and limits such action.

Ruge v Bellevue, 892 F2d 738, 741 (8th Cir. 1989)

#11

It may be that deliberate indifference, no matter how brief, would render defendants liable as if they had inflicted the pain themselves.

Brown v Hughes, 894 F2d 1533, 1538 (11th Cir. 1990)

#12

A deliberate delay on the order of hours in providing care for a serious and painful medical need is sufficient to state a constitutional claim.

Brown v Hughes, 894 F2d 1533, 1538 (11th Cir. 1990)

#13

Injury is not an essential element of a Section 1983 claim based on excessive force. No lasting, serious injury need be inflicted.

Gray v Spillman, 925 F2d 90, 93 (4th Cir. 1991)

#14

The due process clause of the Fourteenth Amendment does require the responsible government authorities to provide medical care to persons who have been injured while being apprehended by the police.

Gaudreault v Municipality of Salem, 923 F2d 203, 208 (1st Cir. 1990)

#15

Police officers do not have the right to shove, push, or otherwise assault innocent persons without any provocation.

<u>Clash v. Beatty</u>, 77 F3d 1045, 1048 (7th Cir. 1996); <u>Mcdonald v Haskins</u>, 966 F2d 292 (7th Cir. 1992); <u>Lanigan v Village of East Hazel Crest</u>, 110 F3d 467, 475 (7th Cir. 1997)

#16

Beating and kicking restrained suspects who are in the control of the police is plainly excessive force.

The need for force is nonexistent when a suspect is handcuffed and not trying to resist or escape.

There is no occasion for the use of any force against a prisoner who quietly submits, and no matter how difficult it is to apprehend a prisoner, the law does not permit officers to beat him once he is securely in custody.

Cox v Treadway, 75 F3d 230, 234 (6th Cir. 1996); Lewis v Downs, 774 F2d 711, 714 (6th Cir. 1985)

#17

Police officers do not have the right to shove, push, or otherwise assault innocent citizens without any provocation whatsoever.

Clash v. Beatty, 77 F3d 1045, 1048 (7th Cir. 1996); Mcdonald v Haskins, 966 F2d 292 (7th Cir. 1992); Lanigan v Village of East Hazel Crest, 110 F3d 467, 475 (7th Cir. 1997)

#18

All government officials are on notice that it is unlawful to use excessive force against citizens.

P. B. v Koch, 96 F3d 1298, 1304 (9th Cir 1996)

#19

Nothing will shield a police officer who deliberately supplied misleading information that influenced the decision to prosecute.

DeLoach v Bevers, 922 F2d 618, 621 (10th Cir. 1990)

#20

If a police officer has been instrumental in the plaintiff's continued confinement or prosecution, he cannot escape liability by pointing to the decisions of prosecutors. Police cannot hide behind the officials whom they have defrauded.

DeLoach v Bevers, 922 F2d 618, 621 (10th Cir. 1990)

#21

A reasonable person would realize that "framing" someone for a crime that he did not commit deprives that person of his constitutional rights.

Young v Biggers, 938 F2d 565m 570 (5th -Cir 1991)

#22

Retaliatory prosecution may expose a state official to Section 1983 damages.

Magnotti v Kuntz, 918 F2d 364, 368 (2d Cir. 1990)

#23

A supervisory official may be liable under section 1983 if that official demonstrates a deliberate indifference to a plaintiff's constitutionally protected rights.

Gutierrez-Rodriguez v Cartagena, 882 F2d 553, 560-61 (1st Cir. 1989)

#24

Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.

Thompkins v Belt, 828 F2d 298, 304 (5th Cir. 1987)

#25

Supervisors are liable when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices. Reckless disregard on the part of a supervisor will suffice to impose liability.

Howard v Adkinson, 887 F2d 134, 137 (8th Cir. 1989)

#26

Supervisors can be liable for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices.

Fruit v Norris, 905 F2d 1147, 1151 (8th Cir. 1990)

#27

The inference that a policy or custom existed may be drawn from circumstantial proof, such as evidence that the government customarily failed to train its employees and displayed a deliberate indifference to the constitutional rights of those within its borders, or evidence that the government failed to make any meaningful investigation into charges that police officers had violated the complainants' civil rights.

Powell v Gardner, 891 F2d 1039, 1045 (2d Cir. 1989)

#28

    Conduct demonstrating gross negligence or reckless disregard for plaintiff's civil rights is
actionable under s. 1983.

Hammond v County of Madera, 859 F2d 797, 803 (9th Cir 1988)

#29

Police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen. The constitutional right violated by the passive defendant is analytically the same as the right violated by the person who actually commits the primary constitutional violation. Thus an officer who failed to intercede when his colleagues were depriving a person of his Fourth or Fourteenth Amendment rights, would, like his colleagues be responsible legally for subjecting the person whose rights are violated to that deprivation of rights.

Defendants who fail to intervene, or who created the danger are responsible for constitutional violations.

Deliberate failure to intervene makes the person who failed to intervene liable when there is a realistic opportunity to intervene.

US v Koon, 34 F3d 1416, 1447 (9th Cir 1994)

#30

An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under s. 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

Anderson v Branen, 17 F3d 552, 556 (2d Cir 1994)

#31

When police engage in a continuing course of unconstitutional conduct whereby some commit unconstitutional acts with complete impunity and others assist by covering up those unconstitutional acts a violation of section 1983 occurs.

Cunningham v Gates, 989 F. Supp. 1256, 1261 (C.D. Cal. 1997)

#32

Actions taken subsequent to an event are admissible if, and to the extent that, they provide reliable insight into the policy in force at the time of the incident.

Foley v City of Lowell, 948 F2d 10, 14 (1st Cir 1991)

#33

A plaintiff in a civil rights action, such as this action, is entitled to a verdict if it is proved, in accordance with these instructions, that a defendant acted under color of State law and that such action operated to deprive a plaintiff of rights under the Constitution or laws of the United States of America. A plaintiff need not prove damages in order to be entitled to a verdict.

42 USCA 1983

#34

If you return a verdict that defendant violated constitutional rights, you will award [her him] a sum that will compensate reasonably for (1) any pain, suffering and mental anguish already suffered and proximately resulting from the incidents in question, and (2) for any pain, suffering and mental anguish which you find from the evidence in the case that is reasonably certain to be suffered in the future from the same cause.

Devitt, Blackmar, *Federal Jury Practice and Instructions*, 4th. § 85.02

#35

    When there is no formal evidence of actual damage, such harm can be inferred from the circumstances as well as established by testimony. Humiliation is an item of damages.

<u>Howard v Adkinson</u>, 887 F2d 134, 137 (8th Cir. 1989)

#36

Punitive damages are awarded to punish the defendant for his outrageous conduct and to deter him and others like him from similar conduct in the future. The award would send a message to others in the same department that they may be liable individually for their actions in violation of a person's civil rights.

Bouman v Block, 940 F2d 1211, 1234 (9th Cir 1991)

#37

    If you find the issues in favor of the plaintiff, and if the conduct of one or more of the defendants is shown to be in reckless or callous disregard of, or indifference to, the rights or safety of others, then you may assess punitive or exemplary damages in addition to any award of actual damages.

Smith v Wade, 461 US 30, 33 (1983)

#38

In addition to actual damages or nominal damages, the law permits a jury, to award a plaintiff punitive damages, in order to punish a wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If the jury should find from a preponderance of the evidence that a plaintiff is entitled to a verdict for nominal or compensatory damages; and should further find that an act or omission of a defendant, which legally caused injury to a plaintiff, was callously or, maliciously, or wantonly, or oppressively done, then the jury may, add to an award of nominal or compensatory damages, such amount as the jury shall find to be proper, as punitive damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward persons in one of more groups or categories of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard or, or indifference to, the rights of one of more persons, including the injured person.

An act or a failure to act is "oppressively" done, if done in a way or manner which injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether to make an award of punitive is a matter exclusively within the province of the jury, if the jury should find, from a preponderance of the evidence in the case, that a defendant's act or omission violated the Constitution or other federal rights and was callously or maliciously, or wantonly, or oppressively done. The jury should bear in mind that such punitive damages may be allowed only if the jury should first render to a plaintiff a verdict for nominal or compensatory damages.

Fountilla v Carter, 571 F2d 487 (9th Cir 1978); Smith v Wade, 461 US 30, 33 (1983)

#39

Presumed damages are a substitute for ordinary compensatory damages. When a plaintiff seeks compensation for an injury that is likely to have occurred but difficult to establish, some form of presumed damages may possibly be appropriate.

In those circumstances, presumed damages may roughly approximate the harm that the plaintiff suffered and thereby compensate for harms that may be impossible to measure.

Memphis Community School District v Stachura, 477 US 299, 310-11 (1986)