# JURY INSTRUCTIONS

# CIVIL NO. 97-2481 (SEC/JA)

# APRIL 12, 2007

# CHIEF MAGISTRATE JUDGE JUSTO ARENAS



Court's ID
4/12/07
1
Civ. No. 97-2481
(SEC/JA)

*to the jury*

**MEMBERS OF THE JURY:**

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as standing the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than ~~that given in my instructions~~ *that given in my instructions, just as it would be a* ~~sworn duty, as judges of the facts, to base a verdict~~ *violation of your* upon anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is. It is not my function to determine the facts, but rather yours.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.





You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

------------------------

2

2



Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

--------------------

3



Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiffs, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. ▓▓▓▓▓▓▓▓▓ All instructions I give you govern the case as to each defendant.

--------------------



When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

--------------------





Generally speaking, there are two types of evidence that are generally presented during a trial--direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

--------------------



You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

--------------------



7



The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

---------------------





The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

--------------------



Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?"

--------------------

*10*



A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.



13



Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.



14

12

Plaintiff**s** ~~has~~ *have* the burden in a civil action, such as this, to prove every essential element of [plaintiff'**s**] claim by a preponderance of the evidence. If plaintiff**s** should fail to establish any essential element of ~~*their*~~ claim by a preponderance of the evidence, you should find for defendant**s** as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

--------------------





In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, you memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.    Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5.    I have not meant to indicate any opinion as to the facts by my rulings, conduct or remarks during the trial; but if you think I have, you should disregard it, because you are the sole judges of the facts.

--------------------







The Civil Rights Act

~~Civil rights law~~ provides that any individual may seek redress in this Court, by way of money damages, against any person or persons, who under color of law, deprive that individual of his or her federally protected rights. An action alleging a violation of civil rights can ~~be~~ be brought in this Court against a municipal government and also against an individual government official who violated those rights.

The Civil Rights Act ~~§ 1983~~ authorizes the imposition of liability only upon a defendant who "subjects, or causes to be subjected, any citizen ... or other person ... to the deprivation of any rights" protected by federal law. Thus, the defendants' conduct must have a sufficiently close relationship to the claimed violation of the plaintiff's rights in order to conclude that the defendants "subjected" the plaintiff "to the deprivation" of his federally protected rights.

The constitutional violation must be shown to be the proximate cause of the damage.

--------------------



15

#1



The Fourth Amendment to the United States Constitution provides, in part, that:

The right of the people to be secure in their persons ... against unreasonable ... seizures, shall not be violated....

A use of excessive force by police violates the provision of the Fourth Amendment  When a police officer uses excessive force, a plaintiff may recover damages against that police officer under the Civil Rights Act,

#4

*Mary*

The test you are to use to determine if the force used in this case was excessive *is* this: pay careful attention to the facts and circumstances, including the severity, or lack of severity, of the alleged crime in issue, whether the person against whom the force was used posed an immediate threat to the safety of the police or others; and whether the person against whom the force was used was actively resisting arrest or attempting to evade arrest by flight (trying to get away). You must weigh together all of these three factors to determine whether or not the force used was or was not excessive.



#5

The use of any force by officers simply because a suspect is argumentative, contentious, or vituperative is illegal. Force can only be used to overcome physical resistance or threatened force, and a lack of provocation or need to use force would make any use of force excessive. The use of more force than is necessary or of force for an improper purpose is illegal.



#28

Conduct demonstrating gross negligence or reckless disregard for plaintiff's civil rights is actionable under ~~████████~~ the Civil Rights Act.

15

#13

Injury is not an essential element of ~~a~~ *The Civil Rights Act* ~~claim~~ claim based on excessive force. No lasting, serious injury need be inflicted.

20

#16


Beating and kicking restrained suspects who are in the control of the police is plainly excessive force.

The need for force is nonexistent when a suspect is handcuffed and not trying to resist or escape.

There is no occasion for the use of any force against a prisoner who quietly submits, and no matter how difficult it is to apprehend a prisoner, the law does not permit officers to beat him once he is securely in custody.




21



The plaintiffs have the burden of proving each and every element of their ~~section 1983~~ *Civil Rights Act*
claim by a preponderance of the evidence. If you find that any one of the elements of plaintiffs'
*Civil rights*
claim has not been proven by a preponderance of the evidence, you must return a
verdict for the defendant.



22



the Civil Rights Act

To establish a claim under ████████, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

--------------------

19



Acts are done "under color of ... law" of a State or Municipality, not only when the State

or Municipal officials act within the bounds or limits of their lawful authority, but also when

such officers act without and beyond the bounds of their lawful authority.  In order for unlawful

acts of an official to be done "under color of any law", however, the unlawful acts must be done

while official is purporting or pretending to act in the performance of his official duties;  that is

to say, the unlawful acts must consist in an abuse or misuse of power which is possessed by the

official only because he is an official;  and the unlawful acts would not have occurred but for the

fact that the person committing them was an official, purporting to exercise his official powers.





The second element of plaintiffs' claim is that they were deprived of a federal right by the defendants. In order for the plaintiffs to establish the second element, they must show these things by a preponderance of the evidence: first, that the defendants committed the acts alleged by plaintiffs; second, that those acts caused the plaintiffs to suffer the loss of a federal right; and, third, that, in performing the acts alleged, the defendant acted intentionally and recklessly.

--------------------



In order to find a "person" liable under the Civil Rights Act there must be proof that the actions or omissions of that particular "person" itself caused the constitutional deprivation.

In other words, liability cannot be imposed upon one "person" on the basis that another different person acted in a way that violated plaintiff's rights or injured him in some way.



22

26



the Civil Rights Act

I instruct you that, to establish a claim under ~~░░░░~~ the plaintiffs must show that

the defendants acted intentionally, recklessly or with gross negligence.  If you find that the acts

of the defendants were merely negligent, then, even if you find that the plaintiffs were injured as

a result of those acts, you must return a verdict for the defendant.

----------------

27



An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

--------------------



24



An act is reckless if it is done in conscious disregard of its known probable consequences. In determining whether the defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

--------------------

25

29



An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and the defendant then breached that duty or obligation.

--------------------

26

3 0



Plaintiffs claim damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to plaintiff by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, plaintiffs allege that defendants police officers subjected plaintiffs to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the Constitutional right to be free from the excessive use of force against plaintiffs' person during the course of an arrest.

Defendants police officers deny that any of their actions during the time in question violated plaintiffs' constitutional rights. Defendants police officers allege that they were acting in good faith and with probable cause and that their actions were reasonable. Defendants police officers further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

-------------------



31



In order to prove plaintiffs' claim, the burden is upon plaintiffs to establish by a preponderance of the evidence each of the following elements:

First: That defendants police officers performed acts that operated to deprive plaintiffs of one or more of plaintiffs' federal Constitutional rights, as defined and explained in these instructions, by [arresting or seizing plaintiffs without probable cause] [subjecting plaintiffs to an unreasonable search of plaintiffs' dwelling] [using excessive force against plaintiffs during the course of the plaintiffs' arrest];

Second: That defendants police officers then and there acted under the color of state law; and

Third: That defendants police officers' acts were the proximate cause of damages sustained by plaintiff.

-------------------



28



Plaintiffs claim the defendants police officers used excessive force when they arrested ▬▬▬▬ plaintiffs. In making a lawful arrest, a law enforcement officer has the right to use such force as is necessary under the circumstances to effect the arrest. Whether or not the force used in making an arrest was unreasonable is question to be determined by you in light of all of the evidence received in the case.

You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in this case. In determining whether the defendant police officers used excessive force, you may consider:

1. The extent of the injury suffered,

2. The need for the application of force,

3. The relationship between the need and the amount of force used,

4. The threat reasonably perceived by the responsible officials, and

5. Any efforts made to temper the severity of a forceful response. Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight. The nature of reasonableness must allow for the fact that police officers are often forced to make split-second judgments—under circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is

29

33

necessary in a particular situation.

This reasonableness inquiry is an objective one. The question is whether the defendant police officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

If you find that plaintiff has proven plaintiff's claim, you must then consider the defense of plaintiff police officers that their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that they are therefore not liable.



If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that plaintiff has proved that defendant police officers knowingly violated the law regarding the plaintiff's constitutional rights, you must find for plaintiff.

If, however, you find that defendant police officers had a reasonable belief that their actions did not violate the constitutional rights of the plaintiff, then you cannot find defendant police officers liable even if the plaintiff's rights were in fact violated as a result of the defendant police officers' objectively reasonable action.

--------------------





The third element which plaintiffs must prove is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiffs. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' acts or omissions. If an injury was a direct result or a reasonably probable consequence of defendants' acts or omissions, it was proximately caused by such act or omission. In other words, if a defendants' act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendants' act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

--------------------







## DEFENDANTS' PROPOSED JURY INSTRUCTION 28

## CAUSALITY MUST BE ESTABLISHED

A causal connection must be established between plaintiffs' alleged constitutional violation and each defendant found to be liable for damages. If a causal connection is not established between either of the defendants and an identifiable constitutional deprivation or injury, defendants cannot be held liable for damages.

--------------------

## DEFENDANTS' PROPOSED JURY INSTRUCTION 36

### CONDUCT AND DAMAGES SEPARATE AND DISTINCT ISSUE

Conduct and damages are separate and distinct issues. To award damages you must find that defendants' conduct caused damages to the plaintiff. If defendants' conduct is not the direct, proximate or legal cause of plaintiff's damages, then no damages may be awarded. Damages may be awarded only if you find that defendants violated plaintiff's rights and that their conduct caused some injury to the plaintiff.

Conduct by a defendant that does not cause him harm does not entitle plaintiff to damages. By the same token, harm to the plaintiff which is not the result of unlawful conduct by defendants does not entitle him to damages.

--------------------

41

## DEFENDANTS' PROPOSED JURY INSTRUCTION 39

### COMPENSATORY DAMAGES

If you find that the constitutional rights of any of the plaintiffs were violated, or that the defendants are liable to any of them for their negligent or intentional acts, this entitles them to compensation for their damages. If you decide for any of the plaintiffs on the issue of liability, you must then fix the amount of money damages which will reasonably and fairly compensate him or her for any harm for which the wrongful conduct of the defendants was a substantial factor in bringing about.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

Among the elements of injury and harm which you should consider are:

(1) the violation of plaintiffs' constitutional rights ████████████ ████████ and the value thereof;

████████████████████████████████

(3) the mental sufferings caused by the defendants' actions; the emotional and mental harm to each of the plaintiffs, including any way in which defendants actions affect each of their

44

38

ongoing lives. You may consider these harms do date and such harms which any of them will with reasonable certainty suffer in the future;

(4) the physical or medical harm to plaintiffs, including their past sufferings and any physical sufferings each will, with reasonable certainty, suffer in the future;



(7) the extent and duration of the damages, including whether they are permanent and their probable continuation in the future.

In considering the damages that should be awarded to the plaintiff, you should look at the nature and circumstances of the wrongs committed against each plaintiff and their particular effect on each one.

Where mental or emotional distress ██████████████ proven, the Court cannot give you any rule by which to measure the specific amount of damages resulting from such an injury. This is a matter that is left to the conscience, good sense and sound judgment of the jury. You should not act unreasonably through bias, passion, or sympathy, but should exercise common sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate the plaintiffs for all the injuries they suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

45

39

It will be your task to translate these legal damages into money damages.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

--------------------





## DEFENDANTS' PROPOSED JURY INSTRUCTION 37

### DAMAGES-INJURY IN FACT

You may award damages only for those injuries which you find plaintiff has proven, by a preponderance of evidence, to have been the direct result of conduct by defendants in violation of ~~██████████~~ *The Civil Rights Act*. You must distinguish between, on the one hand, the existence of a violation of plaintiff's rights and, on the other hand, the existence of actual injuries proximately resulting from that violation. Thus, even if you find that defendants deprived plaintiff of his rights, you must ask whether plaintiff has proven that the deprivation caused his actual damages.

Where no actual injury is proven, no compensatory damages can be awarded. Plaintiff cannot recover damages based upon the abstract value or importance of a constitutional right. Actual damages must be based on the evidence presented at trial, and only on that evidence; they must not be based on speculation or sympathy.

--------------------



42

41



If you find in favor of plaintiff, but you find that plaintiff's damages have no monetary

value, then you must return a verdict for plaintiff in the nominal amount of one dollar.

#38

In addition to actual damages or nominal damages, the law permits a jury, to award a plaintiff punitive damages, in order to punish a wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If the jury should find from a preponderance of the evidence that a plaintiff is entitled to a verdict for nominal or compensatory damages; and should further find that an act or omission of a defendant, which legally caused injury to a plaintiff, was callously or, maliciously, or wantonly, or oppressively done, then the jury may, add to an award of nominal or compensatory damages, such amount as the jury shall find to be proper, as punitive damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward persons in one of more groups or categories of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard or, or indifference to, the rights of one of more persons, including the injured person.

An act or a failure to act is "oppressively" done, if done in a way or manner which injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether to make an award of punitive is a matter exclusively within the province of the jury, if the jury should find, from a preponderance of the evidence in the case, that a defendant's act or omission violated the Constitution or other federal rights and was callously or maliciously, or wantonly, or oppressively done. The jury should bear in mind that such punitive damages may be allowed only if the jury should first render to a plaintiff a verdict for nominal or compensatory damages.



43

#33

A plaintiff in a civil rights action, such as this action, is entitled to a verdict if it is proved, in accordance with these instructions, that a defendant acted under color of State law and that such action operated to deprive a plaintiff of rights under the Constitution or laws of the United States of America. A plaintiff need not prove damages in order to be entitled to a verdict.





The amount of any punitive damages awarded must be fixed within calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party in the case.

It is entirely up to you to decide whether or not punitive damages should be awarded. In this respect you have considerable discretion. You may decide that even though compensatory damages have been awarded, you believe that no punitive damages are called for.

I can give you no objective yardstick for measuring punitive damages. You will have to use your own common sense and experience and determine what amount would be appropriate to punish the defendants and to create a deterrent example. The amount of punitive damages should be fair and reasonable. It should take into account the degree of reprehensibility of the defendant's conduct and the relationship to the actual harm inflicted on the plaintiff. It should be proportionate to the need to punish the defendant and to deter him and others from like conduct; it should not be based on whim or on unrestrained imagination.

--------------------



48

### DEFENDANTS' PROPOSED JURY INSTRUCTION 43

### EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

----------------------

## DEFENDANTS' PROPOSED JURY INSTRUCTION 44

### VERDICT-UNANIMOUS-DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judged- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

-----------------------

52



Case 3:97-cv-02481-SEC-JA     Document 163     Filed 04/01/2007     Page 53 of 55

**DEFENDANTS' PROPOSED JURY INSTRUCTION 45**

**ELECTION OF FOREPERSON-GENERAL VERDICT**

~~Upon retiring to the jury room, you will select one of your members to act as your~~ *MV. DeJesus*

~~foreperson. The foreperson~~ will preside over your deliberations, and will be your spokesman

here in Court.

Forms of verdict have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous

agreement as to each answer, you will have your foreperson fill in, date and sign the form which

sets forth the verdict upon which you unanimously agree;  and then return with your verdict to

the courtroom.

-----------------------

**DEFENDANTS' PROPOSED JURY INSTRUCTION 46**

**VERDICT FORM--JURY'S RESPONSIBILITY**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

------------------------

49

## DEFENDANTS' PROPOSED JURY INSTRUCTION 47

### COMMUNICATION BETWEEN COURT AND
### JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to me-- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

------------------------